TEXAS & N. O. R. CO. v. WEEMS et al.

(Court of Civil Appeals of Texas. Texarkana. March 18, 1914. Rehearing Denied April 2, 1914.)

1. CARRIERS (§ 104*)—DELAY IN TRANSPORTATION—SUFFICIENCY OF EVIDENCE.

In an action against a railroad company for breach of contract to furnish refrigerator cars in which to ship peaches, as a result of which they fell off the trees and decayed during the period of delay in furnishing the cars, where, though there was evidence that the peaches were worth a certain price, less the cost of the crates and of picking, packing, and delivering at the cars, there was no evidence as to the cost of the crates, picking, etc., there was no basis for the court's finding as to the amount of damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 439–447, 459–461; Dec. Dig. § 104.*]

2. APPEAL AND ERROR (§ 1172*)—REVERSAL IN PART—MATTER IN CONTROVERSY.

Rule 62a for Courts of Civil Appeals (149 S. W. x), providing that if an error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by the error, did not apply in an action for damages for the breach of a contract, where there was no evidence showing the amount of the damages, and the new trial would not be had on the question of damages only, since the "matter in controversy" was the sum demanded as damages, and the error affected the whole and not merely a part thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

Error to District Court, Cherokee County; Jas. I. Perkins, Judge.

Action by J. B. Weems and others against the Texas & New Orleans Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Jno. T. Garrison and Baker, Botts, Parker & Garwood, all of Houston, and Imboden & Perkins, of Rusk, for plaintiff in error. Norman & Shook, of Rusk, for defendants in error.

WILLSON, C. J. The suit was by defendants in error to recover the value of certain peaches which, they alleged, were lost to them because of a breach by plaintiff in error of its contract to furnish them refrigerator cars in which to ship same to a market. A trial before the court without a jury resulted in a judgment in favor of defendants in error for the sum of $800.

[1] One of the defendants in error testified that plaintiff in error failed for three days to furnish them cars, as it had agreed to, and that during that time 4,000 or 5,000 crates of their peaches fell off the trees, decayed, and so were lost to them. He further testified that the peaches were worth between 30 and 40 cents a crate, "less the cost of the crates and picking and packing," and of delivering same at the point where he said, plaintiff in error had undertaken to place the cars.

There was no testimony showing the cost of the crates, picking, etc. Plaintiff in error insists, and we agree, that in the absence of such testimony there was no basis for the finding of the court as to the amount of damages suffered by defendants in error. The judgment, therefore, must be reversed.

[2] Defendants in error insist that if the judgment is reversed for the error just referred to, the cause should be remanded only for the purpose of determining the amount of their damages, and, as supporting their contention, cite rule 62a for the government of this court (149 S. W. x), which directs that, "if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by the error." But we think the rule is not applicable to the case. The "matter in controversy" here is the sum demanded by defendants in error as damages (20 A. & E. Enc. Law, p. 234), and the error affects the whole, and not merely a part, of it. Therefore we think the cause should be remanded for a new trial as to all the issues involved in that controversy, and will so order.