### WILLIAM F. ROBERTSON v. T. A. WORK, DISTRICT JUDGE.

#### No. 4225.   Decided April 15, 1925.

#### (270 S. W., 1006).

**Mandamus—Citation—Privilege of Witness.**

In an action against several defendants, two of them, being residents of Florida and personally served with citation in Texas while attending court as witnesses in a case pending there in the Federal Court, the service on them was quashed on suggestion of one appearing as *amicus curiæ* and asserting their exemption from service of citation while in the State only for such purpose. The court having, on motion, refused to order a judgment by default against them, or to set the case down for trial while the service was in such condition, plaintiff sought mandamus to require him: (a) to render an interlocutory judgment by default against them; (b) to set the case for trial against them. *Held*:

(1) Plaintiff's remedy, if the citation was erroneously quashed, was by review of that ruling on appeal. It could not be done by mandamus ordering default judgment. (P. 467).

(2) But to entitle plaintiff to have such ruling reviewed it was necessary for the court to set the case for trial and proceed to final judgment; and a mandamus is awarded requiring this to be done. (Pp. 467, 468).

Original application by Robertson to the Supreme Court for writ of mandamus against Work as judge of the District Court.

The court referred the application to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same and awards mandamus as there recommended.

*Bailey, Nichols & Bailey,* for relator.

I. Mandamus is the proper remedy. Articles 1526 and 1528, Revised Statutes; Lloyd v. Brink, 35 Texas, 1, 6, 10; Kleiber v. McManus, 66 Texas, 48; G. C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 363; Pierce v. Watkins, 263 S. W., 905; Warren v. Scarbrough, 241 S. W., 551; Allen v. Woodward, 239 S. W., 602; Pollard v. Spear, 207 S. W., 620; Cooney v. Isaacs, 173 S. W., 901; In Re Grossmayer, 177 U. S., 48; 18 R. C. L., 243.

(1) No appeal lies from the order refusing the entry of judgments by default or the order refusing to proceed to trial. Durham v. Ins. Co., 46 Texas, 182; Kleiber v. McManus, 66 Texas, 48, 50; Articles 2078, 2079, 2080, R. S.

(2) That the refusal to enter interlocutory judgments by default or the refusal to proceed to trial (resulting in enforced dismissal as to Carter and Wester and subsequent trial against the other defendants) might be excepted to and reviewed on appeal from such final judgment as might be entered, constitute no objection to availability of remedy by mandamus; the remedy by appeal (if it exists at all) would be *inadequate* and tedious and involve circuity of action. Bradley v. McCrabb, Dallam, 507; G. C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 362.

(3) The rendition or entry of a default judgment is a ministerial act involving no judicial discretion. Sub-Div. 1, Art. 1969-A, Chapter 105, Acts of Thirty-Eighth Legislature 1923; Articles 1936 and 1937, Revised Statutes; Lloyd v. Brink, 35 Texas, 1; Claiborn v. Tanner, 18 Texas, 68; In Re Grossman, 177 U. S., 48; 18 R. C. L., 243.

And where proper service has been had and the defendant does not answer and interlocutory judgment is demanded, the legal duty to render and enter the judgment is certain, mandatory and positive. Sub-Div. 1, Art. 1969-A; Chapter 105, Acts 38th Leg., 1923; Articles 1936 and 1937, Revised Statutes.

II. The service upon Carter and Wester is good; the only supposed defect arises from the fact that Carter and Wester (non-residents of the state) were in Dallas County, Texas, when served, in attendance'' upon the contemplated trial of a federal court case. Articles 1830, Sub-Paragraphs 3 and 4, Revised Statutes; Article 1856; Hudgins & Bros. v. Low, 94 S. W., 412; Cameron & Co. v. Jones, 90 S. W., 1129, 1132.

III. Where the species of exemption claimed by Carter and Wester exists or is recognized, it is a mere personal privilege which must be (personally) claimed, and, if not so claimed seasonably, it is waived: hence service, even when made under conditions giving rise to the privilege, is not void, but, at most, it is voidable only on proper and seasonable claim by the person entitled thereto. Matthews v. Puffer, 10 Fed., 606; Morrow v. Dudley & Co., 144 Fed., 441; Thornton v. American Writing Mch. Co., 83 Ga., 288, 20 Am. St. Rep., 320; Kaufman v. Garner, 173 Fed., 550, 555; Smith v. Jones, 76 Me., 138, 49 Am. Rep., 598; Guyer v. Irwin, 4 U. S., (4 Dall.) 187, 1 L. Ed., 762; Fletcher v. Baxter, 2 Aik., (Vt.) 224; People v. Detroit Sup. Ct. Judges, 40 Mich., 729; Gracie v. Palmer, 8 Wheat., 697, 699, 21 U. S., 307-8; Cooper v. Wyman, 122 N. C., 784, 65 Am. St. Rep.,

731; Murray v. Wilcox, 122 Ia., 188,—97 N. W., 1087, 64 L. R. A., 534; Brown v. Getchell, 11 Mass., 11, 14; 21 Ruling Case Law, page 1311.

IV. The species of exemption claimed by Carter and Wester (even if it existed) being a personal privilege and susceptible of waiver, the court could not of his own volition notice and enforce it, nor could it be enforced through a suggestion of *amicus curiæ.* State v. Iron Co., 60 Texas, 312, 315; Jones v. City of Jefferson, 66 Texas, 576, 579; 1 R. C. L., pp. 1051-2, Sec. 3.

V. The "suggestion" or pleading upon which the court acted in "quashing" the service upon Carter and Wester having been filed and presented by an attorney who was then, in fact, the duly authorized attorney of Carter and Wester in the case, and Carter and Wester having personally executed affidavits and caused them to be filed in the case in support of said pleading,—the action and proceeding amounted to an appearance in the case by Carter and Wester. Article 1883, Revised Statutes; A. T. & S. F. Ry. Co. v. Stevens, 206 S. W., 921.

A special appearance is unknown to our practice, if there was any character of appearance by Carter and Wester it was,—per force art. 1883,—sufficient to require them to answer to the next term of the court. Under this statute, it is well settled that a motion to quash a citation—even if sustained—amounts to appearance at the next term. York v. State, 73 Texas, 655; Railway Co. v. Morris, 68 Texas, 49; Organ v. Anderson, 97 Texas, 432; Railway Co. v. Blocker, 138, S. W., 156.

*Chas. A. Rasbury,* for respondent.

Charles R. Carter, as a suitor, and R. H. Wester, as a witness, being non-residents of the State of Texas, were exempt or immune from service of civil process while going to attend trial in a state other than that of their own residence, while actually in attendance on said trial and for the time necessary for them to reasonably return to the state of their respective residences. Mullen v. Sanborn, 25 L. R. A., (Md.) 721; Long v. Hawken, 42 L. R. A., 1105; Diamond v. Earle, 38 Ann. Cas. 1915-D, 984.

When an attorney suggests to the court as *amicus curiæ* that the court on a jurisdictional matter is about to fall in error, even tho it appears without contradiction that the attorney making the suggestion is the regularly retained attorney of parties interested in the suit, or has theretofore acted for some of the parties to said suit, such suggestion is not an appearance in the case, by the parties interested or formerly represented by such attorney. State v. Jeffer-

son Iron Co., 60 Texas, 312; City of Jefferson v. Jones, 66 Texas, ·578, 1 S. W., 903; City of Jefferson v. Jones, 74 Texas, 635, 12 S. W., 749; Chicago R. I. & P. Ry. v. Anderson, 105 Texas, 1, 141 S. W., 513; Int. & G. N. Ry. v. Moore, 32 S. W., 379; Olsen v. California Ins. Co., 32 S. W., 446.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

William F. Robertson, on May 12 1924, filed suit in the District Court of the 68th Judicial District of Dallas County, against Henry E. Caswell, C. R. DeLeach, F. D. Blount, J. G. Foley, D. Jones, S. B. Carpenter, J. Horsner, J. N. McCollum, Chas. R. Carter, R. H. Wester, S. E. Moss, and Earl Beeler, each of whom resided in the state of Florida, except S. E. Moss, who resided in Dallas County, Texas, and Earl Beeler, who resided in Eastland County, Texas, for $8,000, alleged to be due him by the defendants for a certain leasehold estate conveyed by him to them, and for $2,000 for services rendered by him to defendants under a contract therefor. On May 16, 1924, citations were served on defendants Carter and Wester in Dallas County, Texas, requiring them to appear in said cause and answer the plaintiff's petition at or before 10 o'clock A. M., on Monday, June 9, 1924. They have filed no answer. Citation was also served on ·S. E. Moss, and on May 30, 1924, he filed answer consisting of general demurrer and general denial.

Thereafter on June 11, one Chas. A. Rasbury, as *amicus curiæ,* filed a suggestion of lack of sufficient service on Carter and Wester, as follows:

"It is respectfully suggested to your Honor that the service to obtained would not support a judgment by default or any other character of judgment entered upon such service for that both of said defendants were served with citation at a time when they were exempt and immune from service of civil process issuing from this Honorable Court, in that both said defendants are non-residents of the State of Texas, and were at the time of the service of said writs non-residents of the State of Texas, each having their residence in the State of Florida; that at the time of the service of said citations the defendant Charles R. Carter was present in the State of Texas to attend the trial of a cause in the District Court of the United States for the Northern District of Texas at Dallas, which had been theretofore removed from the 14th Judicial District Court of Dallas County, Texas, and that said R. H. Wester was present at the time of the service of said citation, as a witness in said proceeding in the District Court of the United States, the said cause being styled No. 3390, W. F. Robertson v. Charles R. Carter et al. and which had been

as aforesaid, removed from the State Court to the said United States District Court.

"That on the morning of May 16 1924, after the plaintiff W. F. Robertson, had announced ready for trial in said cause, he took a non-suit and had an order of dismissal entered therein and at which time the said Charles R. Carter and the said R. H. Wester were served in the corridor of the Federal Building in Dallas, Texas, with citations in this suit requiring them to appear, as aforesaid, and which new suit is but a re-hash and a re-filing of the original suit so removed to the District Court of the United States.

"That at the time each of the defendants herein were served with citations as above recited, they were in the State of Texas and in the County of Dallas for the sole and only purpose of attending the trial of the suit so pending in the United States District Court; that said Carter as defendant and the said Wester as a witness, was notified by the undersigned of the setting of said cause and that they and each of them came into the State of Texas for the sole and only purpose of attending the trial of said case, and arrived in Dallas for said purpose on the morning of Tuesday, May 13, 1924, said case having been set for trial on May 14, 1924; but not having been reached on the assignment until May 15, 1924; that as soon as said case was non-suited and dismissed by the plaintiff in the United States District Court both said Carter and the said Wester immediately left for their homes in the State of Florida.

"It is therefore respectfully suggested to your Honor that both the defendant Carter and the witness Wester, under the rules of law in such cases, had a reasonable time to come to the trial of said cause and to return therefrom and that while so doing and while in attendance upon the trial were immune from the service of process issued by the State Courts and such process is void and will not support a judgment of any sort."

To this written suggestion was attached affidavits of Carter and Wester to the facts set out in the suggestion, and the court having given consideration thereto, made and caused to be entered the following order:

"This day came on to be heard the suggestion of Charles A. Rasbury, a practising attorney of this bar, as *amicus curiæ*, that the service heretofore had upon the defendants Charles R. Carter and R. H. Wester was void, for the reason that said Carter was served with citation herein while in attendance upon the Federal Court in a suit filed by the plaintiff herein against said Carter and others, and for the reason that said Wester was served with citation while in attendance upon said suit in the Federal Court as a witness for said Carter; and the court, after considering said suggestion of said

114 Tex. Sup.—30.

*amicus curiæ* and the affidavits of said Carter and said Wester, presented to the Court in connection therewith, is of the opinion that the service of citation upon both said parties under the circumstances recited in said affidavits is void and invalid and should be quashed and held for naught.

"It is therefore, ordered, adjudged and decreed by the court that said citations served both upon said Carter and said Wester are invalid, void and of no force and effect and are not sufficient to require said defendants to answer in this proceeding and are insufficient to support any character of judgment and are hereby quashed and held for naught; to which action of the Court plaintiff excepted, etc."

Thereafter on October 2, 1924, plaintiff Robertson presented to the court his motion theretofore filed requesting that all of the defendants be dismissed from the cause except Carter, Wester, and Moss; that interlocutory judgments by default be rendered and entered against Carter and Wester; and that said cause be set for trial for as early a date as the business of the court and condition of the docket would permit in order that trial be had and final judgment rendered. The court dismissed from the cause the defendants as requested, but refused to render judgment by default against Carter and Wester and to set the cause for trial, by an order entered of record as follows:

"For the reasons heretofore stated in an order entered in the cause 'as of June 9, 1924', quashing and setting aside the purported service upon the defendants Charles R. Carter and R. H. Wester upon the suggestion of Honorable Charles A. Rasbury, *amicus curiæ*, and because of said prior order, plaintiff's motion for the entry of interlocutory judgments by default against said Charles R. Carter and against said R. H. Wester, defendants, be, and the same is hereby, overruled, and the entry of such judgment by default be, and the same is hereby, refused,—to which action of the court the plaintiff, in open court, duly excepted.

"For the reasons given in the last preceding paragraph hereof above, and because the suit has not been dismissed as against said Charles R. Carter, and said R. H. Wester or further service had upon them, the prayer of plaintiff's said motion asking that the case be set for trial and that the court proceed to trial and final judgment in the cause at as early a date as the business of the court will permit be, and the same is hereby, overruled, and because of the reasons given the court declines to set said cause for trial as against said Charles R. Carter and said R. H. Wester and the remaining defendants, to which action of the court the plaintiff, in open court, duly excepted."

The said Robertson, relator, then filed this application, seeking by writ of mandamus to require T. A. Work, judge of the District Court of said 68th Judicial District, (a) to render an interlocutory judgment by default against Carter and Wester in said cause pending in the district court, and, (b) to proceed to trial in said cause.

Insisting that writ of mandamus be awarded to require the rendition and entry of judgment by default, relator cites 18 R. C. L., page 305, paragraph 243, as follows:

"On the principle that mandamus will lie to compel a particular action by an inferior tribunal or officer, when the law clearly establishes the petitioner's right to such action, it has been held that as the entry of a default judgment is a mere ministerial act and does not constitute the judgment itself, being only record evidence of what the law has adjudged, if the right to the judgment is clear mandamus will lie to compel a court or other proper official to make an entry thereof."

Here, however, the law has not adjudged a default judgment against Carter and Wester, because the citations served on them have been by order of the court quashed and held for naught. Until this order is vacated or set aside, a default judgment may not be rendered.

If the order of the District Court quashing and holding for naught the service of citations is erroneous, the relator has his remedy by appeal or writ of error, which is available to him after final judgment is rendered in the cause. A writ of mandamus cannot be used to perform the office of an appeal or writ of error, and is not the proper remedy by which to correct or reverse erroneous rulings of an inferior tribunal, whether interlocutory or final. American Construction Co. v. Jacksonville T. & K. W. Ry. Co., 148 U. S., 372, 13 S. Ct. Rep., 758, 37 L. Ed., 486.

Relator has the right to insist that the service of citations on Carter and Wester is valid and binding on them, and to have the appellate courts review the action of the District Court in quashing and holding for naught such service. To deny him a trial would defeat this right. They are non-residents, and relator is asking for personal judgment against them. To postpone the trial of the case until such time that further service may be had within this State, might result in denial of a trial altogether, for such service may never be had. They may never be within this State.

We think, under the law, the duty of the judge to award relator a trial in order that final judgment may be entered is clear. Should the District Court adhere to its ruling that no legal service has been had upon Carter and Wester, it should dimiss them from the cause and proceed to trial and final judgment on the issues joined as between

Moss and relator, to the end that relator may have an opportunity to have the appellate courts review the action of the District Court in quashing and holding for naught the citations served on Carter and Wester.

We therefore recommend that writ of mandamus issue requiring T. A. Work, District Judge, to proceed to trial and judgment in the cause.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.

*C. M. Cureton,* Chief Justice.