**BUSSAN et al. v. HOLLAND, District Judge, et al.**

No. 15932.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 5, 1951.

Boyd Barjenbruch, of Bowie, for relators.

Donald & Donald and T. B. Coffield, all of Bowie, for respondents.

McDONALD, Justice.

Relators, in an original action in this court, seek a writ of mandamus to compel the judge of the trial court to render a judgment in their favor. The matter is now before us on motion for leave to file a petition for writ of mandamus. Rule 383, Texas Rules of Civil Procedure.

The situation reflected by the petition, which accompanies the motion, is as follows:

Paul Donald and J. M. Donald instituted suit in the district court in Montague County to recover title and possession of a tract of land. Relators Frank B. Bussan and wife, Elizabeth Bussan, were defendants. After the evidence was concluded, certain special issues were submitted to the jury. The jury were unable to agree on answers to any of the issues and were discharged, and the trial court entered an order declaring a mistrial.

Relators' theory is that they were entitled to judgment on their motion for an instructed verdict, and that a writ of mandamus should issue, directing the trial court to render judgment for relators on the undisputed evidence. The petition for mandamus presented by relators purports to set out in substance what the proof was with respect to the issues in the case.

Article 1823, Revised Civil Statutes, provides that courts of civil appeals and the judges thereof may issue writs of mandamus and other writs necessary to enforce the jurisdiction of such courts. Article 1824, Vernon's Ann.Civ.St., provides that courts of civil appeals may issue a writ of mandamus to compel a judge of a district or county court to proceed to trial and judgment in a cause. It is by virtue of the authority granted in the latter statute that the writ is sought in the proceeding before us. Article 1824 appears to be expressive of the rule generally prevailing in other jurisdictions with respect to the authority of appellate courts to issue a writ

658

of mandamus directed to a judge of a trial court. See 55 C.J.S., Mandamus, § 69 et seq.; 35 Am.Jur., Mandamus, section 249 et seq. See also 28 Tex.Jur., Mandamus, section 30 et seq.

 "Mandamus lies to an inferior court only when the duty to be performed requires no exercise of judicial discretion." 28 Tex.Jur., p. 574. "The writ will not issue to control or direct the discretion of an inferior court or judge, nor to compel the performance of an act which is judicial in character or one which involves the exercise of judicial discretion, even though the relator has no other adequate legal remedy." Id.

Relators have cited us to no case, and we have found none, although we have made an exhaustive search beyond the citations presented by relators, in which a writ has been issued for the purpose of compelling a trial judge to render judgment on the theory that the undisputed evidence required judgment to be rendered for relators. A case somewhat analogous is Yantis v. McCallum, Tex.Civ.App., 121 S.W.2d 610, where it was held that mandamus would not issue to compel a trial judge to set aside an order sustaining a general demurrer, the holding being based on the proposition that the act of the trial judge was a matter within his judicial discretion, and therefore not subject to control by writ of mandamus. It is our opinion that the determination by the trial court of the question whether or not judgment should be rendered for one party or the other on the undisputed evidence is the performance of an act which is judicial in character, and is not merely the exercise of a ministerial duty.

In the case before us, according to the recitals in relators' petition, the trial court overruled relators' motion for an instructed verdict. The practical effect of issuing a writ of mandamus in this action would be to permit the mandamus action to be utilized as an appeal from the supposedly erroneous action of the trial court in overruling relators' motion for instructed verdict. It is true, as claimed by relators, that they cannot appeal from the act of the trial court in declaring a mistrial, but it is also true that the granting of a motion for instructed verdict, or the rendering of judgment on the undisputed evidence, is an act which is judicial in character, and is not one which this court can compel the trial judge to perform by the issuance of a writ of mandamus.

The motion for leave to file the petition for mandamus is therefore denied.