## H. ROUW CO. v. RAILWAY EXPRESS AGENCY, Inc.

No. 12233.

Court of Civil Appeals of Texas.
San Antonio.

March 7, 1951.

Rehearing Denied April 4, 1951.

Hardin & Little, Edinburg, for appellant.

Kelley, Looney, McLean & Littleton, Edinburg, for appellee.

POPE, Justice.

This is an appeal from a judgment sustaining a plea of limitations to a suit against a carrier for damages arising out of an interstate shipment of strawberries.

Appellant, H. Rouw Company, as plaintiff below, instituted four separate suits against the appellee, Railway Express Agency, Inc., for damages to seventeen cars of strawberries shipped in interstate commerce. The court first consolidated the suits and then severed the issues in accord with Rule 174(b), Texas Rules of Civil Procedure, in order to try the matter of limitations separately. From a judgment sustaining the appellee's plea of limitations to all of the claims on the seventeen cars, appellant has brought this appeal.

The uniform express receipt under which each of the seventeen cars moved, provided in its seventh paragraph that, as a condition precedent to recovery, claims must be made in writing to the original or delivering carrier within nine months after delivery, or, in case of failure to make delivery, then within nine months and fifteen days after the date of shipment. Each of the claims was timely filed on dates varying between February 10, 1943, and April 26, 1943. The uncontroverted evidence proved a long-standing custom between these parties which required appellant shipper to submit along with a claim all the original documents relating to the claim, including the express receipt, inspection certificates, diversion orders, account of sales, telegrams, and other data. In compliance with this custom, appellant sent to the carrier, along with the claims for the seventeen shipments, all of its original documents. During the month of May, 1943, representatives for both the shipper and carrier participated in a conference concerning the claims at which time appellant submitted a lump sum settlement proposition, which the carrier's representative had to submit to his superiors. It was proved that, in line with established custom, the carrier would retain all the original documents upon the adjustment of such claims, but would return them if the settlement proposition was rejected.

On June 28, 1943, appellee carrier declined one of the claims and thereafter, on different dates, declined each of the others. October 22, 1943, was the date of the last declination. Appellee carrier, however, after rejecting all seventeen claims, continued to hold in its possession all of the original documents that appellant had sent along with its claims, and did not return them until November 12, 1943. These dates actually are the dates of mailing by the carrier, and it was stipulated on the trial that due course of mail would require three days for appellant to receive the mail. For convenience, we shall use the dates of mailing because the three additional days do not affect the result.

The Interstate Commerce Act, Title 49, § 20(11), U.S.C.A., provides that no carrier may lawfully require a period of time within which to commence suit against the carrier, shorter than two years from the date notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part of the claim. In conformity with this law, the uniform express receipts in each of the seventeen shipments provided: "Suits shall be instituted only within two years and one day after the date *when notice is given by the carrier* to the claimant that the claim has been disallowed by the carrier in whole or in part." (Italics ours.)

Four separate suits, though now consolidated, originally were filed. The first suit was filed on November 6, 1945, the second, on November 7, 1945, and the other two, on November 8, 1945.

From these dates it becomes apparent that the suits were all filed more than two years and one day after the various dates notices of disallowance were sent by the carrier and received by the claimant. Appellant, however, urges that (1) limitations did not commence to run until its original documents were returned by the carrier on November 12, 1943, (2) the statute of limitations was tolled during the interval of time between the date of the carrier's actual declination and the return of the original documents, (3) the carrier in demanding and retaining the

original documents was estopped to plead the limitation statute, and (4) the carrier's retention of the original records until November 12, 1943, constituted a concealment of appellant's cause of action until that date.

Each of the above points ultimately centers upon the issue of concealment. The thing concealed was not the existence of the causes of action but the evidence necessary to prove the causes of action. Appellant shipper at all times knew the existence of the claimed causes of action. Fully conscious that the causes existed, appellant submitted the documentary evidence to the carrier, in order to comply with the necessary condition precedent to ultimate recovery and to establish the causes.

Notwithstanding its ever-present knowledge that the causes of action existed, appellant urges that it was helpless to assert the causes without its documentary proof which remained under the control of the appellee carrier for the period of time commencing on the various declination dates and continuing to November 12, 1943. However, on cross-examination the carrier proved that the shipper retained a copy of its letter of transmittal which accompanied the claims when forwarded to appellee carrier. The carrier also proved that appellant at all times had in its possession information as to the name of the party claimant, the name of the express agency against whom the claims were made, information showing the amount of money claimed for the loss and damage, the number of each car that transported the strawberries, the origin and date of each shipment, the reason assigned for damages to each shipment, and the basis for computing the total amount of damages. These constituted the minimum facts possessed by appellant at all times, and they were sufficient upon which to allege a complete cause of action. Concealment was not proved, either as to the existence of the causes of action or the facts upon which suits could be filed to enforce those causes. Griffith v. Shannon, Tex.Civ.App., 284 S.W. 598; Pruett v. Wichita Falls & S. R. Co., Tex.Civ.App., 109 S.W.2d

538; Collins v. Griffith, Tex.Civ.App., 125 S.W.2d 419, 426; 37 C.J., Limitation of Actions, § 359; 54 C.J.S., Limitations of Actions, § 206.

Since concealment as a fact was not proved it becomes unnecessary to pass upon appellee's contention that an interstate carrier can neither waive nor be estopped to plead limitations under the Interstate Commerce Act.

The judgment is affirmed.