ADELINE Z. CONE v. S. E. CONE

No. A-4446. Decided January 27, 1954.
Rehearing overruled February 24, 1954.
(266 S.W. 2d Series 860)

*Shelton and Shelton,* of Austin, *McWorter, Howard, Cobb & Johnson,* of Lubbock, for petitioner.

*Bradley, Key, Carr and Crenshaw, Dupree & Milam,* all of Lubbock, for respondent.

PER CURIAM.

Petitioner Adeline Z. Cone sued respondent S. E. Cone for divorce and division of property. The parties made a property settlement agreement, which was approved by the court in the judgment granting the divorce. That agreement and judgment did not dispose of the controversy as to the leasehold or working interest in Labor 13 in League 42, Rains County School Land in Hockley County. Both by the judgment of divorce and by separate order entered on the same date the court ordered that the leasehold or working interest above described be separated and removed from the suit, and that all issues pertaining to that property be severed from the main cause and tried separately, and ordered that the parties be required to plead their cause of action and defenses as to said property anew, giving the pleadings a new number.

The parties filed new pleadings under a new cause number, setting up issues as to the said property, as to its character, whether the separate property of the husband or community property, and if separate property what reimbursement should be made to the community and Mrs. Cone by reason of the expenditure of community funds in developing the property. The case or controversy so made is the one before us on application for writ of error.

■ Under the record stated the case is a case of divorce. See Lloyd v. Bonds, 147 Texas 523, 217 S.W. 2d 1000; Burguieres v. Farrell, 126 Texas 209, 87 S.W. 2d 463; Kellett v. Kellett, 94 Texas 206, 59 S.W. 809.

This being a case of divorce, this Court prior to the amendment of Articles 1728 and 1821 in 1953 had no jurisdiction to grant a writ of error. The amended articles, however, give the Court jurisdiction to grant applications for writ of error in cases of divorce and certain other cases referred to in Article 1821, provided the judges of the Court of Civil Appeals may disagree upon any question of law material to the decision or in which the Court of Civil Appeals holds differently from a prior decision of another Court of Civil Appeals or of the Supreme Court upon a question of law material to the decision of the case. Chapter 424, Acts Regular Session, 53rd Legislature, p. 1026.

■ The application for writ of error herein sets out as grounds for jurisdiction alleged conflicts with two prior decisions of this Court and with a decision of a Court of Civil Appeals. We have

examined those cases and find that there is no conflict between any holding of the Court of Civil Appeals herein and the decision in any of those three cases, within the meaning of conflict of decision as defined in Garrity v. Rainey, 112 Texas 369, 374-375, 247 S.W. 825, 827. The rule there stated as to what constitutes the conflict that will confer jurisdiction on this Court has been consistently approved and followed.

Accordingly, the application for writ of error is dismissed for want of jurisdiction.

Opinion delivered January 27, 1954.

Rehearing overruled February 24, 1954.