J. M. Iley v. Sarah T. Hughes, District Judge Et Al.

No. A-6662. Decided March 19, 1958
Rehearing overruled April 23, 1958.
(311 S.W. 2d Series 648)

*Harold W. McCracken,* of Dallas, for relator.

*Mullinax, Wells & Morris,* and *Otto B. Mullinax,* all of Dallas, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

The question at issue in this original proceeding in this Court is this: Does Rule 174(b), Texas Rules of Civil Procedure, authorize a separate trial of the damage issues and the liability issues in a suit for damages for personal injuries? We hold it does not.

A brief summary of the events leading up to the filing of this proceeding is in order.

Guy O. Hancock sued J. M. Iley for compensatory and exemplary damages for injuries alleged to have resulted from an assault committed by the defendant on the plaintiff by shooting him with a .22-calibre rifle. Iley's principal defense was that Hancock was shot in lawful defense of his property.

The case was tried to a jury and was submitted on special issues. In answer to Special Issues 1 through 8 the jury found that Hancock was struck and injured by a bullet fired by Iley; that at the time he was shot Hancock was on Iley's premises and Iley had not requested him to leave; that the shots were fired by Iley to interrupt Hancock's intrusion on the property and to protect his pecans, but that Iley used more force than was necessary to interrupt the intrusion on the property and to protect his pecans.

In answer to Special Issue No. 9 the jury found that $3,000 would reasonably compensate the plaintiff for past medical and hospital expenses, reasonably and necessarily incurred as a proximate result of the shooting.

Special Issue No. 10 submitted the question of general damages for diminished earning capacity, past and future, and for physical pain and mental anguish suffered in the past and to be suffered in the future. Special Issue No. 11 inquired whether Iley acted with malice in firing the shots. Special Issue No. 12 asked the jury to fix the amount that should be awarded as exemplary damages if it was found that Iley acted with malice. The jury was unable to agree on answers to Issues 10, 11 and 12.

Following discharge of the jury Iley filed a motion for a mistrial. Hancock filed a motion offering to waive any claim to exemplary damages, asking that an interlocutory judgment be entered in his favor on the jury's answers to Issues 1 through 9, and that a jury be empaneled to try the issue of general damages separately.

The trial court overruled Iley's motion for mistrial and granted Hancock's motion for an interlocutory judgment on the liability issues and a separate trial of the damage issue. Trial of the damage issue was imminent when we granted Iley leave to file a petition for writ of mandamus in this Court. Upon granting leave to file we entered an order temporarily restraining and enjoining the Judge of the 14th Judicial District from proceeding to trial on the severed damage issue.

In this proceeding Iley seeks a writ of mandamus directing the respondent District Judge to set aside her order for a separate trial of the damage issue and to declare a mistrial of the case of Hancock v. Iley. The respondent, Hancock, appears here by counsel in defense of the action of the District Judge. He asserts that the action of the District Judge is authorized by Rule 174(b), T.R.C.P. All parties agree that the precise question is one of first impression in this state. In deciding it we attach no controlling significance to the fact that the order for a separate trial of the damage issue was entered after a verdict was had on the liability issues. Our conclusion would be the same if the separate trial had been ordered before trial of any issue had been undertaken.

Rule 174(b) reads as follows:

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues."

There are strong arguments supporting respondents' position, some of which may be noticed.

On its face and by its literal wording the Rule would seem to authorize a separate trial of the damage and liability issues in personal injury suit. It authorizes a trial court "in furtherance of convenience or to avoid prejudice" to order a separate trial "of any separate issue or of any number * * * issues", and we have said that the discretion to require severances and separate trials conferred on trial courts by this and other Rules is "about as broad as language could make it." Landers v. East Texas Salt Water Disposal Co., 151 Texas 251, 248 S.W. 2d 731, 735.

■ The Rule has been interpreted as conferring authority on

trial courts to try separately certain other types of "issues". In Shelton v. Belknap, Texas Civ. App., 275 S.W. 2d 174, reversed 155 Texas 37, 282 S.W. 2d 682, a suit for damages for wrongful death, the issue of whether the plaintiff was married to the deceased and therefore entitled to maintain the suit was tried separately, apparently without question. In Hernandez v. Light Publishing Co., Tex. Civ. App., 245 S.W. 2d 553, writ refused, a suit for damages for personal injuries, the Court stated that the trial court had properly tried in limine the question of whether the plaintiff was an independent contractor and thus entitled to a recovery of damages or an employee of the defendant whose only right of recovery was under the Workmen's Compensation Law. In Meridith v. Massie, Tex. Civ. App., 173 S.W. 2d 799, writ refused, a suit for damages for alienation of affection, the Court specifically approved the action of the trial court in requiring a separate trial in limine of an issue of limitations. See also H. Rouw Co. v. Railway Express Agency, Tex. Civ. App., 238 S.W. 2d 223, writ refused, in which an issue of limitations was tried separately. In Sterett v. Dyer, Tex. Civ. App., 230 S.W. 2d 461, writ refused, a suit to establish a right to a share of the net profits of a business and for an accounting, the trial court, apparently without challenge, tried separately the issue of the plaintiff's right to share in the profits of the business. In Cone v. Cone, 153 Texas 149, 266 S.W. 2d 860 and Lesage v. Gately, Tex. Civ. App., 287 S.W. 2d 193, writ dismissed, the trial court tried the issue of divorce in advance of a trial of the property rights of the parties, but separate trial of like issues was held unauthorized in Pelham v. Sanders, Tex. Civ. App., 290 S.W. 2d 684.

Others of the Rules specifically authorize separate trial of damage issues in particular situations. When a cause of action is unliquidated judgment by default may be entered on liability issues but proof is required on damage issues. Rule 243, T.R.C.P. On motion for summary judgment the Court may render an interlocutory judgment on issues of liability although there is a genuine fact issue of damages which must be tried. Rule 166-A, T.R.C.P.

Rule 174(b) is in the exact language of Federal Rule of Civil Procedure 42(b), 28 U.S.C.A., and Rule 42(b) has been interpreted by Federal courts to authorize separate trial of damage issues. Rickenbacher Transp. Inc. v. Pennsylvania R. Co., 3 F.R.D. 202; Nettles v. General Accident Fire and Life Assurance Corp., 5th Circuit, 234 Fed. 2d 243,247.

Giving full weight to the foregoing arguments in support of respondents' position, we nevertheless feel that they are overborne by stronger considerations of long standing policy and practice in this state.

Our courts have always frowned upon piecemeal trials, deeming the public interest, the interests of litigants and the administration of justice to be better served by rules of trial which avoid a multiplicity of suits. See cases infra.

By refusing to interpret Rule 174(b) to permit separate trials of liability and damage issues in this type of case that Rule and its interpretation is kept harmonious with our interpretation of Rules 434 and 503. We have held that the broad language of those Rules directing reversal of only that part of a judgment affected by error, "where the issues are severable", does not permit of a disassociation on subsequent trial of liability and damage issues through severance and reversal as to only one or the other. Texas Employers' Ins. Ass'n v. Lightfoot, 139 Texas 304, 162 S.W. 2d 929; Fisher v. Coastal Transport Co., 149 Texas 224, 230 S.W. 2d 522; Waples- Platter Co. v. Commercial Standard Ins. Co., 156 Texas 234, 294 S.W. 2d 375.

If Rule 174(b) were now interpreted to permit separate trial of liability and damage issues, on what basis could we later deny to a trial court the right to try only the primary negligence issues? Or the contributory negligence issues? Or, more appropriately perhaps, the issue of unavoidable accident, since a finding that an accident was unavoidable would ordinarily relieve the defendant of liability?

Prior to adoption of the Rules of Civil Procedure in 1941 a separate trial of issues as here attempted would not have been countenanced. Houston Oxygen Co. v. Davis, 139 Texas 1, 161 S.W. 2d 474, 140 A.L.R. 868; Schuhmacher Co. v. Shooter, 132 Texas 560, 124 S.W. 2d 857; Phoenix Assurance Co. v. Stobaugh, 127 Texas 308, 94 S.W. 2d 428; Davis, Agent v. Morris, Tex. Com. App., 272 S.W. 1103; Farmers' Mill & Elievator Co. v. Hodges, Tex. Comm. App., 260 S.W. 166; Texas & N. O. R. Co. v. Weems, Tex. Civ. App., 165 S.W. 1194, no writ history. It could hardly have been contemplated that Rule 174(b) would be interpreted to work such a radical departure from long settled practice.

In Roosth & Genecov Production Co. v. White, 152 Texas 619, 262 S.W. 2d 99, 104, we declined to adopt or apply in negli-

gence cases a method of special issue submission, approved in other types of cases, on the ground that there was a universal practice at the bar of submitting issues in a negligence case in a specific manner, and "To change it drastically by judicial decision would in our judgment cause undue confusion." We may with confidence make the same statement concerning the problem before us in this case.

Our conclusion is that although the discretion lodged in trial judges by Rule 174(b) in ordering separate trials of "issues" is indeed broad and realistic, it does not authorize separate trials of liability and damage issues in personal injury litigation.

In spite of the conclusion reached and announced on the question presented by this proceeding, we, nevertheless, decline to grant the writ of mandamus.

■ This Court will not issue writs of mandamus to control or revise the exercise of discretion by trial courts in the performance of purely judicial as distinguished from ministerial acts. Aycock v. Clark, 94 Texas 375, 60 S.W. 665; Matlock v. Smith, 96 Texas 211, 71 S.W. 956; O'Meara v. Moore, 142 Texas 350, 178 S.W. 2d 510; Bussan v. Holland, Tex. Civ. App., 235 S.W. 2d 657; American Bottling Co. v. Briggs, Tex. Civ. App., 232 S.W. 2d 103.

Relator insists that inasmuch as the verdict of the jury was incomplete there was no room in this case for the exercise of judicial discretion; that the trial judge could enter no judgement other than one of mistrial and the entry of such a judgment required only a ministerial act. Assuming that relator is correct (a matter we need not here decide) there is yet another reason why the writ of mandamus will not issue. Relator has an adequate remedy by appeal, and writs of mandamus will not issue to forestall or to correct errors of a trial court committed in the course of a trial when the parties have an adequate remedy by appeal. Aycock v. Clark, 94 Texas 375, 60 S.W. 665, 666; Robertson v. Work, 114 Texas 461, 270 S.W. 1006; Matthaei v. Clark, 110 Texas 114, 216 S.W. 856; Coke v. Pottorff, Tex. Civ. App., 140 S.W. 2d 586. The foregoing rule was recognized by this Court in Aycock v. Clark, supra, when we said: "In the first place, the act which we are asked to command the officer [district judge] to perform is strictly judicial in its character, and in such a case a mandamus cannot be awarded. * * * In the second place, it is elementary law that a mandamus is never awarded where the law has provided another plain, adequate, and com-

plete remedy." The Court went on to hold that an adequate remedy existed through appeal.

■ No case has been cited or found in which an appellate court issued a writ of mandamus to compel a trial court to declare a mistrial after return by a jury of an incomplete or a conflicting special verdict. The reason is obvious. The alternative to declaring a mistrial is the entry of judgment on the verdict; and if judgment be erroneously entered on an incomplete or conflicting verdict the error may be corrected by appeal. See Powers v. Standard Acc. Ins. Co., 144 Texas 415, 191 S.W. 2d 7; Blanton v. E. & L. Transport Co., 146 Texas 377, 207 S.W. 2d 368; Nolan v. Smith, Tex. Civ. App., 166 S.W. 2d 750, writ refused, want of merit; Traders & General Ins. Co. v. Patton, Tex. Civ. App., 92 S.W. 2d 1083, writ dismissed; Dato v. George W. Armstrong & Co., Tex. Com. App., 260 S.W. 1024.

■ This case presents an unusual fact situation in which the normal alternative to a declaration of mistrial—the entry of judgment—is not to follow immediately but only after trial of the damage issue. That procedure will entail some delay and additional costs in correcting the error by appeal, but that there may be some delay in getting questions decided through the appellate process, or that court costs may thereby be increased, will not justify intervention by appellate courts through the extraordinary writ of mandamus. Interference is justified only when parties stand to lose their substantial rights. Womack v. Berry, 156 Texas 44, 291 S.W. 2d 677.

If the trial court should proceed to trial of the damage issue alone in the case of Hancock v. Iley and a final judgment is rendered against relator, the error in trying the damage issue separately can be corrected on appeal. Relator's prayer for a writ of mandamus is therefore denied.

Opinion delivered Mar. 19, 1958.

MR. JUSTICE SMITH dissenting in part.

I agree with the holding of the majority in every respect with the exception of its holding to the effect that this is a case where the relator has an adequate remedy by appeal, and, therefore, a writ of mandamus will not issue to forestall or to correct errors of a trial court, even though the trial court could have in this case entered no judgment other than one of mistrial. I think that where the trial court, as in this case, clearly acted in viola-

tion of its duty under the law in refusing to declare a mistrial, the writ of mandamus should issue commanding the judge to perform its duty and enter the only judgment it could legally enter which was one declaring a mistrial. See Terrell v. Greene, 88 Texas 539, 31 S.W. 631. When it has been definitely determined that a court has acted in violation of the law, then the fact that a right of appeal might exist does not mean that the losing party must resort to such remedy. In a situation such as we have here this Court should not hesitate to cause the writ of mandamus to issue, or follow the practice adopted in Womack v. Berry 156 Texas 44, 291 S.W. 2d 677, and other cases heretofore decided, wherein this Court assumed that the trial court would enter proper orders in accordance with the opinion and for that reason alone the writ did not issue. The opinions referred to, however, make it clear that the clerk should issue the appropriate writs in the event the trial court failed to enter the proper order.

Rule 174(b), Texas Rules of Civil Procedure, which allows a trial court some discretion in separating causes of action, et cetera, does not extend to the separation of an indivisible cause of action such as we have here. A trial court has no discretion except to grant a mistrial where the suit constitutes an indivisible cause of action. The action, therefore, of the trial court in entering its order severing the damage issue, which is a material issue of an indivisible cause of action, is not authorized under Rule 174(b), supra. It follows that the interlocutory order of severance is void, and any proceedings other than the entry of an order declaring a mistrial would be a nullity. The majority admits this to be true, but insists that the writ of mandamus should not issue, assigning as a reason therefor that the relator has an adequate remedy by appeal. It is my position that since the issues involved in this case are indivisible, and since the verdict of the jury was incomplete, the trial judge had no discretion in the matter. There is nothing in dispute and no necessity exists for compelling the relator to resort to appellate appeal from a void and useless act. I do not mean to indicate herein in any way that the trial judge will act contrary to the views expressed in the majority opinion, but I do say that the majority opinion unnecessarily leaves the way open for contrary action to be taken.

This Court in the case of Womack v. Berry, supra, recognized that the rule denying mandamus with respect to matters of a discretionary character is not without limitation, and held that the writ may issue in a proper case to correct a clear abuse

of discretion. This Court in announcing that the rule denying mandamus was subject to limitations had just said in the preceding paragraph "* * * And it has been held that the determination of the issues of severance invokes the discretionary or judicial powers of the trial court and is not subject to control by mandamus." It is my contention that if the writ may issue in a proper case to correct a clear abuse of discretion, most assuredly it will issue in a proper case such as this where the judge has no discretion to act but one way. Our decision in this case and the opinions of this Court in the past renders it clear that the trial judge did not have the power or authority to order a severance of the trial of issues in this indivisible cause of action. Under the record, mandamus is a proper remedy to compel the trial judge to perform the specific duty required by law, which is, in this instance, to enter its order declaring a mistrial. The right of mandamus being clearly established, it follows that the question of adequate remedy by appeal becomes immaterial. Having the power to issue the writ of mandamus directing the judge of the 14th Judicial District to proceed to grant relator's motion for mistrial, we necessarily have the power and should issue, if necessary, the writ of prohibition and injunction permanently restraining said judge from proceeding to trial on the severed damage issue. We have the power under the Constitution to issue all writs necessary to enforce our jurisdiction to the end that the trial court will proceed with the trial of this case, unimpeded by the orders or possible orders of any other court. See Cleveland v. Ward , 116 Texas 1, 285 S.W. 1063. This power precludes any idea of remedy by appeal.

This case is beyond the point where it can be tried according to the best judgment of the trial court or the Court of Civil Appeals. But, the question here involved must be determined by this Court. We have determined the primary issue in favor of the relator. The void act of the judge in this case can be and should be revised by the writ of mandamus. See Terrell v. Greene, supra.

I would grant the writ of mandamus and all ancillary writs necessary, unless the trial judge voluntarily responded by entering the order declaring a mistrial and proceeded in all things in accordance with this dissent, and consistent with the law as announced in the majority opinion on the questions other than the question of granting of the writ of mandamus. I concur with the majority in part and dissent in part.

Opinion delivered March 19, 1958.

Rehearing overruled, April 23, 1958.