Safeco Insurance Co. v. Bridewell 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-029-CV

     SAFECO INSURANCE COMPANY OF AMERICA,
                                                                                              Relator
     v.

     HONORABLE WAYNE BRIDEWELL, JUDGE,
     249TH DISTRICT COURT, JOHNSON COUNTY,
     TEXAS,
                                                                                              Respondent
 

Original Proceeding
                                                                                                    

O P I N I O N
                                                                                                     

      This mandamus action involves discovery of allegedly privileged documents and whether the
trial judge should sever and abate a bad-faith cause of action brought by an insured against his
underinsured motorist carrier until the underlying contract action can be tried and appealed to a
conclusion. Because we find that the discovery order was within the court's discretion and find
that the Relator has an adequate remedy by appeal, we decline to issue the writ.
      We granted leave for Safeco Insurance Company of America to file a petition for writ of
mandamus seeking relief from orders entered by the Honorable Wayne Bridewell (1) denying a
motion for a severance and abatement and (2) ordering, after an in camera inspection, production
of certain documents which Safeco describes as "privileged." See Tex. Gov't Code Ann. §
22.221(a) (Vernon 1988); Tex. R. App. P. 121(d). Relator is a defendant in a suit in the 249th
Judicial District Court brought by the real parties in interest, Ernest T. Wightman and Dorothy
Wightman, Individually and on behalf of the Estate of Jennifer Leigh Wightman, alleging causes
of action in contract and tort arising out of the uninsured motorist coverage provisions of an
insurance policy issued by Safeco to the Wightmans. Safeco sought to sever the tort claims from
the contract claims and to abate the severed tort action pending resolution of the contract claims,
alleging that a combined trial of the differing claims will unfairly prejudice it. Respondent denied
the motion to sever and abate, an action that Safeco claims was an abuse of discretion. Safeco also
claims that Respondent abused his discretion by ordering production of the documents.
      Safeco filed a supplement to its petition, taking into account a February 24 separate trial order
but continuing to claim that it will be irreparably harmed unless the bad-faith tort claims are abated
until the underlying contract action is tried "to its conclusion," i.e., until all appeals have been
exhausted. Safeco asserts that, if the bad-faith claims are tried first, the contested documents
regarding the Wightmans' claims would have been disclosed and could then be used against it in
the contract case. The documents include the original claims file and documentation showing
events that led to the denial of the claim. Safeco acknowledges that they are discoverable for
purposes of the bad-faith claims. Safeco further alleges that irreparable harm will occur because
the jury in the bad-faith suit will learn that the trial court had denied its limitations defense when
it denied the company's motion for summary judgment.
FACTUAL BACKGROUND
      The Wightmans sued Safeco for underinsured motorist's benefits (UIM claim) as a result of
the death of their daughter in an automobile accident with a drunk driver that occurred in
September 1987. The Wightmans had requested permission from Safeco to settle with the other
driver's insurance carrier for policy limits of $25,000. The adjuster handling the UIM claim for
Safeco, Norman Kessel, refused to either grant or deny permission to settle the claim against the
third party because Safeco took the position that the claim was barred by the statute of limitations. 
Kessel not only denied permission to settle and denied the validity of their UIM claim but also
threatened in writing to sue the Wightmans for filing a frivolous suit if they insisted on pursuing
their UIM claim. The basis for the Wightmans' bad-faith suit is (1) that Safeco had no reasonable
basis for denying their UIM claim and knew or should have known that limitations was not a bar
and (2) intentional infliction of mental anguish by Kessel in handling their claim. Safeco made an
offer to the Wightmans to settle their "claims" for $100,000. The Wightmans' policy limits on
their UIM coverage is $500,000. 
STANDARD OF REVIEW
      Mandamus is the proper remedy to correct the violation of a duty imposed by law when there
is no other adequate legal remedy. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985) (orig. proceeding). On mandamus review of a trial court's determination of legal
principles, clear failure by the court to analyze or apply the law correctly will constitute an abuse
of discretion that may result in appellate reversal. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992) (orig. proceeding). In determining whether the trial court abused its discretion in allowing
the discovery sought and in declining to sever and abate the bad-faith claims, we will treat both
decisions as legal conclusions to be reviewed with limited deference to the trial court. See id. at
840. According to this analysis, a clear abuse of discretion will be found if the trial court's
interpretation of the law was erroneous. Id.
      To determine whether the writ should issue, we must also determine whether Relator has an
adequate remedy by appeal. Id. Mandamus will not issue where a clear and adequate remedy at
law, such as a normal appeal, exists. TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d
913, 919 (Tex. 1991) (orig. proceeding). Cost or delay of having to go through the trial and
appellate process does not make the remedy at law inadequate. Walker, 827 S.W.2d at 842 (citing
Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59-60 (Tex. 1991)). "Without this limitation,
appellate courts would `embroil themselves unnecessarily in incidental pre-trial rulings of the trial
courts and mandamus `would soon cease to be an extraordinary writ.'" Id. (citing Braden v.
Downey, 811 S.W.2d 922, 928 (Tex. 1991)). "Interference is justified only when the parties stand
to lose their substantial rights." Id. (citing Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648
(1958)).
SEVERANCE AND ABATEMENT
      On the same day that the application for leave to file the petition was filed in this court,
Respondent signed an order directing separate trials of the contract and tort claims but did not
specify which claims would be tried first. The parties agree that, in this instance, the separate-trials order is the functional equivalent of a severance. Whether an order directing the Respondent
to try the contract claims first is the functional equivalent of abating a separate case containing the
tort claims is not clear, but we need not reach that question. The Wightmans have represented to
this court that the contract claims will be tried first, and our disposition of the severance-abatement
question is based on that representation. The question of severance is now moot as a result of the
separate-trials order and the Wightmans' representations that the contract claims will be tried
before the tort claims.
      Relator says that we should order Respondent not to try the tort claims until after the judgment
on the contract claims has become final because, otherwise, its limitations defense will be
compromised. We disagree. Safeco's initial petition stressed its position that a joint trial of the
contract and tort claims would prejudice it because its settlement offer would be admissible on the
tort claims—and thus considered by the jury on the contract claims—whereas it would not be
admissible on the contract claims tried alone. After Respondent ordered separate trials, Safeco's
supplemental petition stressed that its defense to the tort claims based on the statute of limitations
would be compromised even if the claims were tried separately.
      As previously summarized, mandamus is intended to be an extraordinary remedy and will not
issue where an adequate remedy at law, such as a normal appeal, is available. Id. at 839-40. A
remedy by appeal is not inadequate merely because it may entail more expense or delay than
obtaining an extraordinary writ. Id. Interference is called for only when the parties stand to
forfeit substantial rights. Id. Because tort claims involving intentional infliction of mental
anguish—claims that do not involve the statute of limitations defense—will survive any result
reached in the contract-based trial and because the limitations defense can readily be reviewed on
direct appeal, Safeco has failed to establish that appeal is not an adequate remedy. Cost or delay
of having to go through the trial and appellate process does not make the remedy at law
inadequate; Safeco's claim of prejudice based on its limitations defense does not warrant the
remedy of mandamus. Id. at 842.
 
PRIVILEGED DOCUMENTS
      A determination of discoverability under the party communications privilege, Rule 166b(3)(d)
of the Rules of Civil Procedure, is within the court's discretion. Tex. R. Civ. P. 166(3)(d). 
Safeco failed to prove that Respondent could reasonably have made but one decision. See Walker,
827 S.W.2d at 840. Even if we might have decided the question differently, we cannot disturb
Respondent's decision unless it is shown to be arbitrary and unreasonable. See Johnson, 700
S.W.2d at 918. The statement of facts on the Wightmans' motion to compel discovery of the
documents submitted in camera reveals that Safeco produced no evidence in the trial court, either
by testimony or by affidavit, to substantiate any claim for party communications privilege—the
claim upon which Safeco's petition for mandamus is based. It raised only the work-product and
attorney-client privileges in a letter brief. For the documents to be protected on their face by the
attorney-client privilege, they would have to conclusively show that the communications were
between the attorney and members of a "control group." See National Tank v. Brotherton, 851
S.W.2d 193, 197-99 (Tex. 1993) (orig. proceeding). As to attorney work product, the documents
must show that they are the product of Safeco's attorney or a representative of the attorney and
each document on its face must reflect that it was made in anticipation of litigation or for the
furtherance of the defense of the litigation. See id. at 201-03. The trial court is not required to
carry Safeco's burden. See Weisel Enterprises, Inc. v. Curry, 718 S.W.2d 56, 58 (Tex. 1986)
(orig. proceeding). In this instance, all the court had before it was a global allegation of privilege
and the documents themselves. Because the documents raise a question of privilege rather than
proving privilege as a matter of law, Respondent's decision that they be produced was within his
discretion. See id. at 60.
CONCLUSION
      Because Relator has an adequate remedy by appeal for any error that may result from its
defense based on the statute of limitations in the separate trial of the tort claims and because it has
not demonstrated that Respondent abused his discretion in ordering that the disputed documents
are discoverable, we deny the petition for writ of mandamus.
 
                                                                          BILL VANCE
                                                                               Justice

Before Justice Cummings,
      Justice Vance, and
      Justice John A. James (Retired)
Petition for writ of mandamus denied
Order issued and filed March 16, 1994
Do not publish