**Order filed April 30, 2026.**



**In The**

# Fifteenth Court of Appeals

## NO. 15-25-00207-CV

## IN RE NOVARTIS PHARMACEUTICALS CORPORATION, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
71st District Court
Harrison County, Texas
Trial Court Cause No. 23-0276**

## MEMORANDUM OPINION

Relator Novartis Pharmaceuticals Corporation ("Novartis") filed a Petition for Writ of Mandamus seeking to direct the trial court to dismiss a *qui tam* action brought by real party in interest Health Selection Group, LLC ("HSG") on November 14, 2025. Novartis also filed a Motion for Temporary Stay the same day, seeking to enjoin all proceedings in the trial court under Texas Rules of Appellate Procedure 52.10 pending resolution of the Petition. On December 5, 2025, the Court denied the Motion and requested a response to the Petition, which was filed January 26, 2026.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (quoting *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex.2008)).

Novartis filed a plea to the jurisdiction and a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure seeking to dismiss HSG's *qui tam* action, which the trial court denied. After being denied mandamus relief in both the Sixth Court of Appeals and the Texas Supreme Court, Novartis filed the Petition in this Court. Novartis's Petition presents two issues: first, that HSG lacked standing to bring its *qui tam* action under the Texas Medicaid Fraud Prevention Act because Novartis's alleged violations did not injure HSG, and second, that the *qui tam* provisions in the Texas Medicaid Fraud Prevention Act violate the separation of powers in the Texas Constitution.

These issues are weighty and are of significant importance, but consideration of them at this time is premature because there is currently an adequate remedy by appeal. Novartis argues that it lacks an adequate remedy by appeal because consideration on appeal means that Novartis would have to "undergo cost-intensive discovery" before the issue could be heard on appeal. But the Texas Supreme Court has held that "[a]n appellate remedy is not inadequate *merely* because of the cost or delay of going through trial and the appellate process." *In re Kappmeyer*, 668 S.W.3d 651, 659 (Tex. 2023) (orig. proceeding); *In re Entergy Corp.*, 142 S.W.3d 316, 321

2

(Tex. 2004) (orig. proceeding) ("This Court has long held that the mere cost and delay of pursuing an appeal will not, in themselves, render appeal an inadequate alternative to mandamus review."); *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding) ("The cost or delay of having to go through trial and the appellate process does *not* make the remedy at law inadequate, and hence mandamus will not lie."); *Iley v. Hughes*, 311 S.W.2d 648, 652 (1958) ("[T]hat there may be some delay in getting questions decided through the appellate process, or that court costs may thereby be increased, will not justify intervention by appellate courts through the extraordinary writ of mandamus.").

Critically, courts' "reluctance to issue extraordinary writs to correct incidental trial court rulings can be traced to a desire to prevent parties from attempting to use the writ as a substitute for an authorized appeal." *Entergy*, 142 S.W.3d at 320. Mandamus relief is strong medicine that should be used sparingly—such as when a clearly erroneous ruling places "tremendous strain on the requesting party to the point that the party might 'succumb[ ] to the burden of the litigation,' if the order 'radically skew[s] the procedural dynamics of the case,' or if failure to grant relief will result in waste of judicial and public resources." *In re Kappmeyer*, 668 S.W.3d at 659 (alterations in original) (quoting *Prudential*, 148 S.W.3d at 136–37). In *Kappmeyer*, the Court prescribed this strong medicine to relieve two Texas homeowners from the overwhelming burden of a clearly erroneous order that would have forced the homeowners to bear tens of thousands of dollars in expense of joining several hundred parties to their suit on penalty of dismissal. *Id.* The expense threatened to stop the homeowners' lawsuit against their HOA in its tracks. *Id.*

3

This case presents compelling constitutional questions, but it lacks the urgency of *Kappmeyer*. Novartis is the sole defendant in this case brought by a single plaintiff, and—as Novartis points out in its briefing—*qui tam* suits similar to this one generally have not succeeded. While the mandamus petition presents well briefed constitutional challenges to the Texas Medicaid Fraud Prevention Act, it is not clear to us that the trial court radically skewed the dynamics of the case by allowing the suit to proceed beyond the Rule 91a threshold to factual development.

We hold that the costs of discovery and the litigation process that the parties will endure are insufficient in this instance to demonstrate a lack of an adequate remedy by appeal. Notwithstanding our determination today, we acknowledge the importance of the issues raised and await this case on appeal—from summary judgment or after trial, when the record will be developed—should the course of proceedings lead either party to file an appeal here.

Accordingly, we **DENY** Novartis's petition for writ of mandamus.


<u>/s/ April Farris</u>
April Farris
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

Dissenting Opinion by Chief Justice Brister.

4