IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 03-0179

════════════

 

In re Kansas City Southern
Industries, Inc.

 

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

Argued November
12, 2003

 

 

Chief Justice Phillips delivered the
opinion of the Court.

Justice Hecht filed a concurring
opinion.

The
issue in this original proceeding is whether mandamus is appropriate to resolve
a dispute about who is entitled to certain settlement proceeds.  Relator asserts
that because it clearly established the right to a return of part of the
proceeds the trial court abused its discretion by subsequently approving the
initial settlement without modification. 
Because we conclude that relator has an
adequate remedy by appeal, we deny mandamus relief without reaching the merits
of the dispute. 

The
underlying case involves the claims of over two thousand plaintiffs, about half
of them minors, who were allegedly exposed to a
hazardous chemical that leaked from a railroad tanker car.  One of the defendants, Kansas City Southern
Industries, Inc. (KCSI), agreed to settle all of the minors= claims for
$300,300.  The precise amount to be paid
each minor varied, depending on his or her physical symptoms, extent of
treatment, and location at the time of the chemical release.  All parties agree that all minor plaintiffs
have fully recovered from any injuries and will have no future damages.

KCSI
tendered to plaintiffs=
attorneys a check for $300,300 with the understanding that it would not be
negotiated before the documents had been executed releasing all of the minors=
claims against KCSI.  Plaintiffs= attorneys, however, were unable to
obtain releases from about thirty per cent of the minor plaintiffs.  In some cases, the minors= parents objected to the settlement; in
others, the minors simply could not be found. 
About two months after tendering its check, KCSI asked the trial court
to order plaintiffs=
attorneys to return that part of the settlement allocated to those minors for
whom releases had not been obtained.[1]  Plaintiffs=
attorneys and the court-appointed guardian ad litem
opposed this motion, supported by the ad litem=s affidavit that it was in the best
interests of all the children to settle their respective claims, whether their
parents or guardians knew of and approved the settlement or not.  After the ad litem
also provided releases for those minors who had not yet been found, the court
rejected KCSI=s motion
and ordered the entire settlement paid into the registry of the court.  The order, titled AInterlocutory
Final Judgment,@ released
KCSI from any further liability as to all the named minor plaintiffs regardless
of whether a parent or next friend approved, or in some cases even knew about,
the settlement.

Rather
than obtain a final judgment and appeal, KCSI petitioned the court of appeals
for mandamus relief, asserting that approximately $85,000 of the settlement
still in the registry of the court should be immediately returned.[2]  KCSI complained that the trial court abused
its discretion in approving settlements for minors that could not be found or
might not exist.  KCSI argued that the
court had impermissibly seized its money by holding the missing minors= share in the court=s registry.  When the court of appeals declined to grant
relief, KCSI petitioned this Court for writ of mandamus.

To
obtain a writ of mandamus, a relator must establish
not only that the trial court clearly abused its discretion but also that no
adequate remedy by appeal exists.  Walker
v. Packer, 827 S.W.2d 833, 839‑40 (Tex. 1992).  An appeal is inadequate when it comes too
late to correct the court=s
error without the loss of substantial rights to the complaining party.  See Perry v. Del Rio, 66 S.W.3d 239, 257 (Tex. 
2001); Polaris Inv. Mgmt. Corp. v. Abascal, 892 S.W.2d 860, 862 (Tex. 1995).  KCSI argues that its remedy by appeal is
inadequate because the trial court has improperly deprived it of the Avaluable use@
of its own money.  That is not the
permanent loss of substantial rights; it is really only a complaint that the
normal appellate remedy is too slow.  As
we have repeatedly held, the cost or delay incident to pursuing an appeal does
not make the remedy inadequate.  In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex.  1998); CSR Ltd. v. Link, 925 S.W.2d
591, 596 (Tex. 1996); Walker, 827 S.W.2d at 842; Hooks v. Fourth
Court of Appeals, 808 S.W.2d 

56, 60 (Tex. 1991); Iley v.
Hughes, 311 S.W.2d 648, 652 (Tex. 1958).  Because KCSI has not shown that its appellate
remedy will cause the permanent loss of substantial rights, we deny the writ. 

 

 

____________________________________

Thomas R.
Phillips

Chief Justice

 

 

Opinion delivered:      July 2, 2004

 

 











[1] KCSI initially alleged that as many
as 432 children could not be found, but by the time of the trial court=s ruling the number of missing minors
had declined to 374.  Counsel advised us
during oral argument that more children had been found after the trial court=s ruling, reducing the number of
missing minors at that time to 285.





[2] At oral argument in this Court, KCSI
reduced its claim to $64,000 because some of the missing minors had come forward
to claim their settlements.  Counsel
stated that some of these claims came from children who had reached majority.