**In re BEN E. KEITH COMPANY, INC., Relator.**

No. 2–06–071–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 3, 2006.

Robert McGrath, Fort Worth, pro se.

Thompson, Coe, Cousins & Irons, L.L.P., Randy A. Nelson, Jennifer D. Aufricht, and John Sepehri, Dallas, TX, and Wade C. Crosoe, Austin, TX, for relator.

Law Offices of Windle Turley, P.C. and Lori A. Watson, Dallas, TX, for real parties in interest Wanda Nubine and John Johnson.

Charles M. Noteboom, Hurst, TX, for real parties in interest Sam Jones, Jr., Mark Jones, Donald Jones, David Johnson, Helen Johnson, Lakiena Baker, individually and as next friend of Essence Hemingway, and Minnie Booker.

Burt Barr & Associates, L.L.P. and L. Darlene Mitchell, Dallas, TX, for real party in interest First Original Texas Chili Co.

R. Wayne Gordon, Dallas, TX, for real party in interest Town Talk Foods, Inc.

Puls, Taylor & Woodson, L.L.P., Amanda Bell Patty and W. Kelly Puls, Fort Worth, TX, for real parties in interest Cheryl Lynne White and Marcus Andre Brown.

PANEL A: CAYCE, C.J.; WALKER and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

Underlying this original proceeding are multiple consolidated lawsuits arising from the sale of spoiled chili. Thirteen plaintiffs, who all allegedly suffered food poisoning after eating the spoiled chili, sued the chili manufacturer (real party in interest First Original Texas Chili Co.), distributor (relator Ben E. Keith), and salvage grocer (real party in interest Town Talk Foods, Inc.). Texas Chili and Town Talk have each asserted cross-claims against Ben E. Keith; Ben E. Keith, in turn, has brought cross-claims against Texas Chili and Town Talk for contribution as well as a claim for tortious interference with business against Texas Chili. All plaintiffs settled or nonsuited their claims against Texas Chili and Town Talk, and four plaintiffs settled with Ben E. Keith.[1] These four "settling" plaintiffs intervened back into the lawsuit, asserting new claims against Ben E. Keith for fraudulent inducement of their settlements.

Ben E. Keith instituted this original proceeding seeking mandamus relief from the trial court's denial of its motions to sever and from the trial court's refusal to allow discovery of Texas Chili's insurance adjuster's file. Subsequently, the trial court entered an order bifurcating "all issues concerning fraud and settlement" into a second phase of the trial. We conditionally grant the writ and order severance of Texas Chili's defamation, tortious interference with business relations, and business disparagement claims only. In all other respects, we deny Ben E. Keith's petition for writ of mandamus.

## I. DISCOVERY

■ Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding); *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998) (orig. proceeding). Texas Chili asserted attorney-client and work-product privileges in response to Ben E. Keith's requests to depose Texas Chili's insurance adjuster and discover its claim file, and the trial court denied this requested discovery. Ben E. Keith claims that Texas Chili has waived these privileges through offensive use; that is, Texas Chili cannot seek recovery of the settlement amounts it paid while simultaneously denying discovery of the insurer's file, which will, according to Ben E. Keith, reveal the true factors motivating Texas Chili's settlement decisions.

■ To establish an offensive-use waiver of privilege, the party seeking discovery must establish that (1) the party asserting the privilege is seeking affirmative relief, (2) the privileged information sought would be outcome-determinative of the cause of action asserted, and (3) disclosure of the confidential communication is the only means by which the aggrieved party may obtain the evidence. *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex.1993) (orig. proceeding). Without deciding whether Ben E. Keith has established the first two elements of the offensive-use waiver, we conclude that Ben E. Keith has failed to establish the third element, that deposing the insurance adjuster and reading his file are the *only means* for discovering Texas Chili's reasons for settling the personal injury lawsuits. Ben E.

---

**1.** These plaintiffs are Cheryl Lynne White, individually and as next friend for Marcus Andre Brown, and Wanda Nubine, individually and as next friend of John Johnson.

Keith does not point to any evidence in the record supporting its assertions that the insurance adjuster and claim file are the only sources for this information and that the adjuster has unique personal knowledge about the litigation and settlement decisions. Neither does Ben E. Keith provide any record evidence supporting its argument that Texas Chili waived the privileges pertaining to the claim file because it allowed its attorney to testify about its reasons for settlement. Therefore, the trial court did not abuse its discretion by finding that the privileges were not waived.[2] *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000) (stating that a trial court's rulings in admitting or excluding evidence are reviewable under an abuse of discretion standard). Because Ben E. Keith has shown no clear abuse of discretion with regard to the trial court's discovery ruling, we deny mandamus relief as to this issue.[3]

## II. SEVERANCE

The trial court denied each of Ben E. Keith's three motions to sever, in which Ben E. Keith requested severance from the consolidated lawsuit of the settling plaintiffs' fraudulent inducement claims, Town Talk's cross-claims against Ben E.

Keith,[4] and Texas Chili's cross-claims against Ben E. Keith.[5] However, the trial court subsequently issued an "Order Regarding Bifurcation of Trial," specifying that one jury will hear the entire case but "all issues concerning fraud and settlement" will be bifurcated into a second phase of trial:

> Specifically, all issues dealing with claims of fraud and any issues dealing with or related to any settlements including [the settling plaintiffs'], Texas Original Chili's and Town Talk Foods' claims thereon, will be excluded from the jury until after there has been a verdict on what has been described as the "personal injury" claims.

 Rule 174(b) of the Texas Rules of Civil Procedure authorizes bifurcated trials. TEX.R. CIV. P. 174(b) ("The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."); *Hyman Farm Serv., Inc. v. Earth Oil & Gas Co.*, 920 S.W.2d 452, 457 (Tex.App.-Amarillo 1996, no writ) (recognizing that rule 174(b)'s separate trial provision con-

2. On the record, the trial judge said that he was denying Ben E. Keith's discovery request because finding waiver of the privilege would be "illogical ... when the reason you're saying you would not have settled was due to the conduct of the movant [i.e., Ben E. Keith's failure to produce certain documents until after Texas Chili had already settled with the plaintiffs]." Ben E. Keith's petition for writ of mandamus does not address this comment but instead argues that *Republic Insurance Co.'s* three-part test was satisfied. Regardless, an appellate court may uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *See Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998).

3. Based on this holding, we also deny the alternate relief requested by Texas Chili of discovery of Ben E. Keith's insurance claims file and deposition of Ben E. Keith's insurance adjuster. *See* TEX.R.APP. P. 47.1.

4. Town Talk asserted cross-claims of DTPA violations, negligence, breach of warranty, indemnity, fraud, fraudulent concealment, and misrepresentation against Ben E. Keith.

5. Texas Chili asserted cross-claims of breach of contract, negligence, negligence per se, DTPA violations, conversion, Texas Theft Liability Act violations, and breach of warranties; fraud, misrepresentation, and equitable estoppel; and defamation, tortious interference with business relations, and business disparagement against Ben E. Keith.

templates "one trial with separate parts") (citing *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 30 n. 29 (Tex.1994)). A separate trial and a severance, however, are two different procedures:

> A severance divides the lawsuit into two or more separate and independent causes. When this has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable. An order for a separate trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing. The order entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided.

*Hall v. City of Austin,* 450 S.W.2d 836, 837–38 (Tex.1970).

■■■ We review the trial court's decision to deny Ben E. Keith's motions to sever for an abuse of discretion. *See Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex.1996). First, we examine whether each claim is one that is appropriate for severance. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990) (op. on reh'g); *see also* TEX.R. CIV. P. 41 (providing that "actions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and proceeded with separately."). If the claim is properly severable, we then determine whether the trial court's refusal to order a severance amounts to an abuse of discretion. The trial court abuses its discretion if it fails to order a severance "[w]hen all of the facts and circumstances of the case *unquestion-*

*ably* require a separate trial to prevent manifest injustice, and there is *no* fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682–83 (1956) (orig. proceeding) (emphasis added).

## A. Bifurcated cross-claims

■■■ According to the terms of the bifurcation order, which bifurcates all issues concerning fraud and settlement into a second phase of trial, the following claims will not be tried in the first phase with the personal injury plaintiffs' case but will instead be presented to the jury during the second phase of trial: (1) the settling plaintiffs' fraudulent inducement claims; (2) Town Talk's cross-claims of indemnity [6] and fraud, fraudulent concealment, and misrepresentation (together, "Town Talk's fraud claims"); and (3) Texas Chili's cross-claims of fraud, misrepresentation, and equitable estoppel (together, "Texas Chili's fraud claims"). Assuming, without deciding, that these claims are properly severable, we turn to the question of whether the circumstances of this lawsuit unquestionably require severance of these claims, as opposed to bifurcation. If they do, then the trial court's refusal to grant a severance as to these claims will constitute an abuse of discretion. *See id.*

Ben E. Keith argues that, without severance, it will face prejudice because all other parties in the lawsuit are aligned against it in a "Mary Carter"-like situation, creating a "sham of adversity" between the plaintiffs and Ben E. Keith's co-defendants. But the "sham of adversity" caused by Mary Carter agreements arises when, due to the settling defendant's financial stake in the plaintiff's recovery,

---

**6.** Town Talk's indemnity claim involves issues of settlement because it seeks recovery of all amounts paid by Town Talk to settle the plaintiffs' claims.

"these parties are actually allied for the purpose of securing a substantial judgment for the plaintiff and, in some cases, exoneration for the settling defendant." *Elbaor v. Smith*, 845 S.W.2d 240, 249 (Tex.1992) (quoting June F. Entman, *Mary Carter Agreements: An Assessment of Attempted Solutions*, 38 U. Fla. L.Rev. 521, 574 (1986)).

■ Here, neither Town Talk nor Texas Chili has a financial stake in or an incentive to maximize any plaintiff's recovery; instead, each has an incentive to maximize its own recovery on its cross-claims against Ben E. Keith. The success of Town Talk's and Texas Chili's cases does not entirely depend upon a win for the plaintiffs against Ben E. Keith. For example, one of the theories of fraud advanced by both Town Talk and Texas Chili is that Ben E. Keith withheld information from governmental officials when the state and federal governments conducted an investigation into the botulism outbreak. Accordingly, if proven, the jury could find that Ben E. Keith committed fraud in the governmental investigation even if it does not ultimately hold Ben E. Keith liable for the plaintiffs' food-poisoning injuries. And even if prosecution of Town Talk's and Texas Chili's cross-claims results in a de facto "alignment" with the plaintiffs against Ben E. Keith, "[t]here is nothing wrong with one defendant siding with the plaintiff against another defendant; the one defendant may believe the other to be liable. The vice is not in the unusual alignment of the parties, but in the financial incentives that encourage the alignment." *Mallios v. Baker*, 11 S.W.3d 157, 160 (Tex.2000) (Hecht, J., concurring). Accordingly, we find no "sham of adversity" that warrants severance.

Ben E. Keith complains that the trial court abused its discretion because Ben E. Keith has found no previous instance in which a court has bifurcated a trial in this manner. However, the mere absence of reported precedent does not automatically render the trial court's bifurcation order an abuse of discretion; rather, to prevail, Ben E. Keith must show that the trial court acted arbitrarily and unreasonably, with no regard to any guiding rules or principles. *See Downer*, 701 S.W.2d at 241–42. Here, the guiding rules or principles underlying the trial court's actions are found in the Texas Rules of Civil Procedure, which authorize the trial court, in its discretion, to order a bifurcated trial. *See* Tex.R. Civ. P. 174(b).

Ben E. Keith also argues that the trial court's bifurcation order is insufficient to cure potential prejudice because it is vague and it does not specify how the judge will conduct the bifurcated trial. However, Ben E. Keith does not show that it will unquestionably suffer manifest injustice if the bifurcated trial goes forward as ordered or that the trial court's bifurcation plan will automatically result in a trial that is unfair to Ben E. Keith. On the contrary, the trial court's bifurcation order constitutes an act that is well within the discretion of the trial court and is one that adequately remedies any prejudice that Ben E. Keith would face in defending itself against the personal injury claims at the same time as Town Talk's and Texas Chili's cross-claims. Accordingly, we hold that the trial court did not abuse its discretion by bifurcating, rather than severing, the settling plaintiffs' fraudulent inducement claims, Town Talk's indemnity and fraud claims, and Texas Chili's fraud claims into a second phase of trial. *See Womack*, 291 S.W.2d at 682–83.

**B. Non-bifurcated cross-claims**

Also under the terms of the trial court's bifurcation order, the following cross-claims remain with the plaintiffs' personal injury claims to be presented in the first

phase of trial: (1) Town Talk's DTPA, negligence, and breach of warranty cross-claims and (2) Texas Chili's breach of contract, negligence, negligence per se, DTPA, conversion, Texas Theft Liability Act, breach of warranties, defamation, tortious interference with business relations, and business disparagement cross-claims. To determine whether the trial court abused its discretion by refusing to sever these claims, we shall first examine whether they are properly severable and then, if they are, whether severance is unquestionably required under the circumstances of this case. *See Guar. Fed. Sav. Bank,* 793 S.W.2d at 658; *Womack,* 291 S.W.2d at 682–83.

■ A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank,* 793 S.W.2d at 658. There is no real dispute that the first two requirements are met in this case.[7] Accordingly, our analysis will focus on whether the claims challenged in each of Ben E. Keith's motions for severance are not so interwoven with the remaining action that they involve the same facts and issues. *See id.*

1. *Non-severable claims: Town Talk's DTPA, negligence, and breach of warranty cross-claims and Texas Chili's breach of contract, negligence, negligence per se, DTPA, conversion, Texas Theft Liability Act, and breach of warranties claims*

■ Both Town Talk and Texas Chili generally allege that Ben E. Keith sold four tubs of chili made by Texas Chili to a café, and a café employee told Ben E. Keith that the chili smelled "really bad" and returned the chili to Ben E. Keith. Ben E. Keith then told Texas Chili that the four tubs were "unsaleable" and received a refund from Texas Chili plus a fee to destroy the chili. Instead of destroying the chili, however, Ben E. Keith subsequently sold the chili to Town Talk without divulging the report of a "really bad" odor to either party. Town Talk then sold this chili to the plaintiffs, who ate the chili and subsequently suffered botulism poisoning.

Based on the above allegations, Town Talk asserts that Ben E. Keith violated the DTPA, acted negligently, and breached express and implied warranties by selling spoiled chili to Town Talk. Texas Chili, for its part, asserts that Ben E. Keith violated the DTPA, acted negligently, and breached express and implied warranties by failing to "keep the returned chili out of the stream of commerce" and by selling the returned chili to Town Talk. Texas Chili's negligence per se claim is based upon Ben E. Keith's failure to keep statutorily-required distribution records showing the chili's "movement in commerce." Texas Chili also contends that Ben E. Keith breached its contract with Texas Chili because the terms of the contract required Ben E. Keith to either destroy the returned chili or notify Texas Chili to inspect the product and issue a refund— not to resell the chili to a salvage grocer without Texas Chili's knowledge. Finally, Texas Chili claims that it bought the chili

---

**7.** Texas Chili does argue that its claims against Ben E. Keith are compulsory counterclaims and, thus, are not severable. However, in determining whether a claim is severable, we need not decide whether it is compulsory or permissive; rather, we merely apply the criteria of Texas Rule of Civil Procedure 41 and *Guaranty Federal Savings Bank. See Trebesch v. Morris,* 118 S.W.3d 822, 829 (Tex.App.-Fort Worth 2003, pet. denied).

back from Ben E. Keith by issuing a refund and paying Ben E. Keith to destroy the chili; therefore, when Ben E. Keith sold the chili to Town Talk, Ben E. Keith wrongfully converted Texas Chili's property and violated the Texas Theft Liability Act.

In response to these claims, Ben E. Keith has pleaded an affirmative defense of intervening and superceding acts, asserting that the negligent acts of third parties over which Ben E. Keith had no control were the sole cause of injury and that the condition of the chili was substantially changed after Ben E. Keith sold it to Town Talk. Because Ben E. Keith is assigning responsibility for the injury to other parties involved in the distribution chain, evidence of each party's dealings with the chili from the time of manufacture to consumption—as well as each party's knowledge of the circumstances as the events unfolded—is relevant to the personal injury actions as well as to Town Talk's DTPA, negligence, and breach of warranty cross-claims and to Texas Chili's breach of contract, negligence, negligence per se, DTPA, conversion, Texas Theft Liability Act, and breach of warranties claims. Accordingly, we conclude that all these claims involve the same facts and issues, so they are not properly severable. Because they are not properly severable, the trial court did not abuse its discretion by denying Ben E. Keith's motions to sever these claims. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658.

2. *Severable claims: Texas Chili's defamation, tortious interference with business relations, and business disparagement claims*

■ Texas Chili bases its claims of defamation, tortious interference with business relations, and business disparagement (collectively, the "business tort claims") on comments allegedly made by Ben E. Keith

such as, "Texas Chili had product liabilities that it could not cover and Texas Chili had gone out of business." Texas Chili acknowledges that these claims relate to statements made by Ben E. Keith during litigation, after Texas Chili had moved for sanctions against Ben E. Keith for withholding discovery. Accordingly, the facts and issues involved in these claims are separate and distinct from those surrounding the distribution and consumption of the spoiled chili months earlier. Because these business tort claims are not so interwoven with the personal injury action that they involve the same facts and issues, they are properly severable. *See id.*

■ Having determined that these claims are properly severable, we next examine whether the trial court abused its discretion by refusing to grant Ben E. Keith's motion to sever as to the business tort claims. As previously explained, for claims that are properly severable, the trial court abuses its discretion if it fails to sever "[w]hen all the facts and circumstances of the case *unquestionably* require a separate trial to prevent manifest injustice, and there is *no* fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." *Womack*, 291 S.W.2d at 683 (emphasis added). Mandamus is an appropriate remedy "[i]f it also appears that the injustice resulting from such refusal cannot later be remedied on appeal." *Id.; see also Liberty Nat'l*, 927 S.W.2d at 630 (requiring relator to show that "the trial court could reasonably have reached only one decision").

■ This case involves numerous claims, cross-claims, and intervening claims against and among the three co-defendants. Evidence supporting Texas Chili's business tort claims will be factually

and temporally distinct from the evidence relating to the plaintiffs' personal injury claims, and it will serve only to confuse and prejudice the jury against Ben E. Keith in its assignment of liability for the botulism poisoning. The trial court's refusal to sever these claims from the lawsuit presents an opportunity for the plaintiffs and Texas Chili to "bootstrap" their claims on each other's evidence and creates a risk that the jury will find against Ben E. Keith on the personal injury claims based on evidence regarding the business tort claims, or out of reluctance to find against Ben E. Keith with regard to the plaintiffs but not Texas Chili. Under these facts, the likelihood of jury confusion and prejudice is high, and it would be impossible for an appellate court to remedy the injustice that this confusion and prejudice would inject into the trial. Accordingly, we hold that the trial court abused its discretion by failing to sever Texas Chili's business tort claims, and mandamus relief is appropriate as to these claims. *See Womack*, 291 S.W.2d at 683.

## III. CONCLUSION

In summary, we hold that the trial court abused its discretion in a manner that warrants mandamus relief by failing to grant Ben E. Keith's motion to sever Texas Chili's cross-claims of defamation, tortious interference with business relations, and business disparagement. We conditionally grant Ben E. Keith's petition for writ of mandamus only to the extent that we order the trial court to sever these claims in accordance with this opinion. A writ will issue only if the court fails to do so. In all other respects, Ben E. Keith's petition for writ of mandamus is denied.

WALKER, J., filed a dissenting opinion.

SUE WALKER, Justice, dissenting.

I respectfully dissent. The principle is well settled that appellate courts will not intervene to control incidental trial court rulings when an adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding); *In re Fort Worth Children's Hosp.*, 100 S.W.3d 582, 586–87 (Tex.App.-Fort Worth 2003, orig. proceeding [mand. dism'd] ). I fear that is exactly what the majority has done here.

Ben E. Keith filed a petition for writ of mandamus claiming that the trial court had abused its discretion by refusing to grant a severance of certain claims. But after Ben E. Keith filed its petition for writ of mandamus, the trial court signed an "Order Regarding Bifurcation of Trial," which provided in part that "one jury will hear all issues, but certain issues will be dealt with in a second phase of trial." The trial court indicated that it intended to enter another order before jury selection on various motions for sanctions and that "together with this bifurcation any prejudice to any party will be resolved." The trial court understood Ben E. Keith's prejudice arguments, entered a bifurcation order to address the arguments, and intended to enter an additional order before jury selection. In other words, the trial court implemented a plan to deal with Ben E. Keith's complaints that it would be prejudiced by a joint trial of all claims against it. Thus, Ben E. Keith's original petition for writ of mandamus—filed before the trial court signed the bifurcation order and seeking a writ of mandamus compelling the trial court to grant Ben E. Keith's motion for severance—became moot. *Accord In re Metropolitan Lloyds Ins. Co. of Tex.*, No. 05–06–00023–CV, 2006 WL 279415, at *1, —— S.W.3d ——, —— (Tex. App.-Dallas Feb. 7, 2006, orig. proceeding). At that point, Ben E. Keith's moot petition

for writ of mandamus should have been dismissed by this court. *Id.*

After its mandamus technically became moot, Ben E. Keith attempted to shift gears and to interject complaints concerning the adequacy of the bifurcation order and to seek mandamus relief from that order. Specifically, Ben E. Keith raised arguments in its replies to Texas Chili's and Town Talk's mandamus responses that the bifurcation order is vague. Ben E. Keith's complaints that the bifurcation order is vague were never made to the trial court, and, in any event, entry of a bifurcation order is simply an act incidental to the trial process. *Accord In re Castle Tex. Prod. Ltd. P'ship,* 189 S.W.3d 400, 403 (Tex.App.-Tyler 2006, orig. proceeding) (recognizing that "[a]n allegedly erroneous ruling such as setting a matter for trial or denying a motion for summary judgment, no matter how it is titled, is an act that is 'incidental to the normal trial process' and is not subject to correction by mandamus, because any error may be adequately reviewed on appeal"). Mandamus will not issue to supervise or correct a trial court's incidental rulings when there is an adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 725 (Tex.1998) (orig. proceeding) (Baker, J. dissenting) (citing *Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex.1994) (orig. proceeding); *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989) (orig. proceeding)). Here, Ben E. Keith has an adequate remedy at law—an appeal—if, in fact, it suffers prejudice despite the bifurcated trial procedure ordered by the trial court. *In re Ford Motor Co.,* 988 S.W.2d at 722–23 ("An appellate remedy is not inadequate merely because it might involve more delay or cost than [obtaining a writ of] mandamus"); *see also Critchfield v. Smith,* 151 S.W.3d 225, 235 (Tex. App.-Tyler 2004, pet. denied) (appellant raised alleged bifurcation error in appeal);

*Jabri v. Alsayyed,* 145 S.W.3d 660, 673 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (same); *Tex. Capital Sec., Inc. v. Sandefer,* 58 S.W.3d 760, 774 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (same); *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958) (orig. proceeding) (holding writ of mandamus would not issue to correct error of trial court in granting separate trial of damage issues because error could be corrected on appeal). Because I believe the majority has granted extraordinary relief simply to control an incidental ruling of the trial court—bifurcation—when Ben E. Keith possesses an adequate remedy at law, I respectfully dissent.