In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-123 CV


____________________



ALBERT LEE GIDDENS, Appellant



V.



RON RISINGER, Appellee


 




On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 03-05-03121-CV 






MEMORANDUM OPINION



 On February 21, 2008, we notified the parties that the trial court's judgment in favor
of Ron Risinger did not appear to be a final judgment because the trial court ordered separate
trials of the interventions filed by Giddens and Richard Risinger rather than severing those
claims. Giddens filed a response, in which he fails to establish that the trial court severed his
claims from those of Richard Risinger.

 Giddens's notice of appeal seeks to appeal the trial court's order that granted Ron
Risinger's motion for directed verdict after trying only Giddens's claims against Ron
Risinger. Before trying Giddens's case, the trial court ordered that Giddens's claims against
Ron Risinger be tried separately from Richard Risinger's claims against Ron Risinger,
thereby bifurcating the case.

 "A judgment is final for purposes of appeal if it disposes of all pending parties and
claims in the record, except as necessary to carry out the decree." Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001)(footnote omitted). The trial court did not sign an
order of severance so as to make the otherwise interlocutory judgment in favor of Ron
Risinger final for purposes of appeal. See In re Allstate County Mut. Ins. Co., 209 S.W.3d
742, 745 (Tex. App.--Tyler 2006, orig. proceeding) (noting the distinction between
severance, which divides the lawsuit into two or more separate and independent causes, from
bifurcation, which leaves the lawsuit intact but enables the court to determine issues at
separate hearings, and concluding that the order entered after a separate trial is often
interlocutory.); In re Ben E. Keith Co., 198 S.W.3d 844, 850 (Tex. App.--Fort Worth 2006,
orig. proceeding) (also noting the distinction between a severance, which results in a final,
appealable judgment, and an order for separate trials, which often results in an interlocutory
judgment); see also Tex. R. Civ. P. 41 (authorizing severance); Tex. R. Civ. P. 174(b)
(authorizing bifurcated trials). In addition, the trial court's judgment granting a directed
verdict in favor of Ron Risinger does not contain clear language indicating that the trial court
intended for it to dispose of all parties' claims. See generally Lehmann, 39 S.W.3d at 192-93. The record before us does not indicate that the trial court has disposed of Richard
Risinger's claims against Ron Risinger. Accordingly, we dismiss the appeal for want of
jurisdiction.

 APPEAL DISMISSED.



 STEVE McKEITHEN

 Chief Justice


Submitted on December 12, 2007

Opinion Delivered April 10, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.