MAN INDUSTRIES (INDIA) LTD., Appellant,

v.

BANK OF TOKYO–MITSUBISHI UFJ, LTD., Appellee.

No.  14–09–00362–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 23, 2010.

---

590

Michael O. Connelly, Allison Jeanne Miller, B. Edward Williamson, Brian Anthony Amis, David George, J. Wiley George, John Muir, Houston, for appellant.

Kelly Spragins Sandill, Kendall Matthew Gray, Houston, for appellee.

Panel consists of Justices YATES, BROWN, and BOYCE.

## OPINION

LESLIE B. YATES, Justice.

Appellant Man Industries (India) Ltd. brings this interlocutory appeal from the trial court's order denying its special appearance as to the cross-claim against it by appellee Bank of Tokyo–Mitsubishi UFJ, Ltd. Because we conclude that the trial court did not abuse its discretion in determining that the Bank's cross-claim is not severable from the other claims in the case, we affirm.

### Background

Man is an Indian company that manufactures pipe. This litigation arises out of a dispute concerning a purchase order agreement between Man and Midcontinent Express Pipeline LLC, a Houston company, for Man to supply Midcontinent with 1.3 million feet of pipe. The purchase order required that Midcontinent obtain a letter of credit to secure its payment obligations. The Bank issued a $33 million standby letter of credit that Man could draw on if Midcontinent failed to timely pay for the pipe.

The transaction did not proceed as anticipated, and Man eventually presented the letter of credit to the Bank for payment. In its presentment, Man certified, as required by the letter of credit, that Midcontinent was in default on its payments under the purchase order agreement. The

next day, the Bank informed Man that it would not honor its presentment, which was made electronically, because original documents were required. The following day, Midcontinent filed suit against Man in Texas state court, alleging breach of the purchase order agreement and fraud. Midcontinent also sought and obtained an ex parte temporary restraining order (TRO) prohibiting Man from presenting the letter of credit to the Bank. Midcontinent obtained the TRO on the grounds that Man's certification to the Bank that Midcontinent had defaulted in its payment obligations was false and therefore its attempt to draw on the letter of credit was fraudulent. The TRO further stated that the Bank was permitted to rely on the TRO as authority to refuse to pay on the letter of credit. Midcontinent provided the Bank with a copy of the TRO. The day after the TRO was issued, Man again attempted to draw on the letter of credit. The Bank refused to honor the presentment, stating that there was a problem with the signature, and also delivered to Man a copy of the TRO at that time. The letter of credit expired four days later, never having been paid.

Man sued the Bank in New York state court, alleging it was damaged by the Bank's wrongful refusal to pay on the letter of credit. The Bank thereafter filed a declaratory judgment cross-claim against Man in the Texas suit Midcontinent brought against Man, seeking a declaration that it did not breach any obligation to Man by refusing to honor Man's presentments of the letter of credit. Man consented to personal jurisdiction as to Midcontinent's breach of contract claim but specially appeared as to Midcontinent's fraud claim and the Bank's cross-claim. The trial court found, on several different grounds, that it had personal jurisdiction against Man as to all claims in the suit. In this interlocutory appeal, Man challenges only the trial court's ruling that it had personal jurisdiction as to the Bank's cross-claim and concedes for purposes of this appeal that the trial court had personal jurisdiction as to Midcontinent's fraud claim.

## Analysis

■■ Rule 120a of the Texas Rules of Civil Procedure provides that "[a] special appearance may be made as to an entire proceeding or as to any severable claim involved therein." Tex.R. Civ. P. 120a(1). A claim is severable if (1) the controversy involves more than one cause of action, (2) the severed claim would be the proper subject of a lawsuit if asserted independently, and (3) the claim to be severed is not so interwoven with the remaining action that they involve the same facts and issues. *F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 693 (Tex.2007). We review a trial court's decision as to whether a claim is severable under rule 120a for an abuse of discretion. *See Pet JA, S.A. v. Shell Compañia Argentina de Petroleo,* No. 01–02–00661–CV, 2003 WL 854163, at *4 (Tex.App.-Houston [1st Dist.] Mar. 6, 2003, pet. denied) (mem. op.) (applying abuse of discretion analysis to severability determination under rule 120a(1)); *see also Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990) (reviewing for abuse of discretion trial court's determination regarding whether claim to be severed is interwoven); *In re Ben E. Keith Co.,* 198 S.W.3d 844, 853 (Tex.App.-Fort Worth 2006, orig. proceeding [mands. denied]) (same).[1]

1. Man contends that we should review the severability determination de novo and only review for abuse of discretion the trial court's consideration of equitable factors in deciding

The issue in this appeal focuses on the third element—whether the Bank's cross-claim is interwoven with the remaining claims. The trial court found that the claims in the case, including the Bank's cross-claim, were not severable because they required an investigation of the same facts and issues. The record supports the trial court's finding.

Midcontinent's petition against Man alleges, among other things, that Man committed fraud in presenting the letter of credit to the Bank because its certification that Midcontinent had breached its payment obligations under the letter of credit was false. In the Bank's cross-claim, the Bank alleged that it knew of the TRO, which stated explicitly that it was based on fraud, before Man's second presentation and gave Man a copy of the TRO in the course of refusing to pay on the letter of credit the second time. Furthermore, the Bank requested that the trial court adjudicate Midcontinent's fraud allegations before determining its rights and obligations under the letter of credit.

Whether Man's actions were fraudulent is relevant to both Midcontinent's claim and the Bank's cross-claim, and both will involve the same issues, facts, and evidence. *See F.F.P.*, 237 S.W.3d at 693–94 (finding trial court abused its discretion in severing contribution cross-claim because claims involved same facts and issues to be litigated); *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629–30 (Tex.1996) (finding no abuse of discretion in refusing

to sever breach of contract bad faith claims because litigation of both claims would involve much of the same evidence); *Oryx Energy Co. v. Union Nat'l Bank of Tex.*, 895 S.W.2d 409, 416 (Tex.App.-San Antonio 1995, writ denied) (finding trial court did not abuse its discretion in refusing to sever claim for breach of promissory note from tort claims, noting that "[t]he default on the note triggered this litigation" and "[t]he facts concerning all of the claims alleged by the Bank concerns identical facts surrounding one loan transaction and the security for the loan"). Thus, we determine the trial court did not abuse its discretion in determining that the Bank's cross-claim was interwoven based on the issue of fraud and therefore not severable.[2]

Man argues that the Bank's cross-claim is not interwoven with Midcontinent's fraud claim because the Bank never explicitly stated that it was refusing Man's presentments because of fraud, rather than technicalities, and therefore fraud is irrelevant to the cross-claim. We reject this argument. As explained above, based on the Bank's pleadings, the Bank's cross-claim is interwoven with Midcontinent's fraud allegation against Man.

■ Man is essentially requesting that we determine as a matter of law the Bank's motives in denying its presentments and then use that determination as a basis to grant its special appearance. However, determining the merits of a claim in a special appearance proceeding is

---

whether a severable claim actually should be severed. *See F.F.P.*, 237 S.W.3d at 693 ("We have explained that avoiding prejudice, doing justice, and increasing convenience are the controlling reasons to allow a severance."). Man cites no authority in which a court has held that any part of a trial court's severability determination should be reviewed under any standard other than abuse of discretion. Indeed, all authority suggests that every aspect of a severability determination is re-

viewed for an abuse of discretion. *See, e.g., Guar. Fed.*, 793 S.W.2d at 658; *In re Ben E. Keith*, 198 S.W.3d at 853.

2. Even if we were to apply the de novo review standard Man advocates, we would conclude, as did the trial court, that the Bank's cross-claim is not severable because it is intertwined with the other claims.

improper. *See Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 582 (Tex. 2007); *Nogle & Black Aviation, Inc. v. Faveretto,* 290 S.W.3d 277, 284 (Tex.App.-Houston [14th Dist.] 2009, no pet.). Similarly, Man tries to extricate fraud from the analysis by arguing that Midcontinent's fraud claim is moot and that the alleged fraudulent conduct is not sufficiently egregious to meet the requirements for a fraud claim in the letter of credit context. Again, these arguments go to the merits of Midcontinent's fraud claim and are therefore inappropriate in the special appearance context. *See Moki Mac,* 221 S.W.3d at 582; *Nogle & Black,* 290 S.W.3d at 284.

Because the Bank's cross-claim is not severable, Man's appearance as to the other claims in the litigation constitutes a general appearance, and the trial court did not err in determining it had personal jurisdiction over Man as to the Bank's cross-claim. *See Shapolsky v. Brewton,* 56 S.W.3d 120, 140 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) ("Any appearance before judgment, which is not in compliance with Rule 120a, constitutes a general appearance.").

## Conclusion

We conclude the trial court did not err in denying Man's special appearance based on its conclusion that the Bank's cross-claim is not severable. Because we have determined that the trial court had personal jurisdiction on this basis, we need not review Man's remaining allegations regarding other potential bases for jurisdiction. We affirm the trial court's order.