Affirmed and Opinion filed February 23,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00362-CV



Man Industries
(INDIA) Ltd., Appellant 

v.

Bank of ToKYo-Mitsubishi
UFJ, Ltd., Appellee 



On Appeal from
the 133rd District Court

Harris County, Texas

Trial Court
Cause No. 2008-56539



 

OPINION

Appellant Man Industries (India) Ltd. brings this
interlocutory appeal from the trial court’s order denying its special
appearance as to the cross-claim against it by appellee Bank of
Tokyo-Mitsubishi UFJ, Ltd.  Because we conclude that the trial court did not
abuse its discretion in determining that the Bank’s cross-claim is not
severable from the other claims in the case, we affirm.

Background

            Man is an Indian
company that manufactures pipe.  This litigation arises out of a dispute
concerning a purchase order agreement between Man and Midcontinent Express
Pipeline LLC, a Houston company, for Man to supply Midcontinent with 1.3
million feet of pipe.  The purchase order required that Midcontinent obtain a
letter of credit to secure its payment obligations.  The Bank issued a $33
million standby letter of credit that Man could draw on if Midcontinent failed
to timely pay for the pipe.

            The transaction
did not proceed as anticipated, and Man eventually presented the letter of
credit to the Bank for payment.  In its presentment, Man certified, as required
by the letter of credit, that Midcontinent was in default on its payments under
the purchase order agreement.  The next day, the Bank informed Man that it
would not honor its presentment, which was made electronically, because
original documents were required.  The following day, Midcontinent filed suit
against Man in Texas state court, alleging breach of the purchase order
agreement and fraud.  Midcontinent also sought and obtained an ex parte
temporary restraining order (TRO) prohibiting Man from presenting the letter of
credit to the Bank.  Midcontinent obtained the TRO on the grounds that Man’s
certification to the Bank that Midcontinent had defaulted in its payment
obligations was false and therefore its attempt to draw on the letter of credit
was fraudulent.  The TRO further stated that the Bank was permitted to rely on
the TRO as authority to refuse to pay on the letter of credit.  Midcontinent
provided the Bank with a copy of the TRO.  The day after the TRO was issued,
Man again attempted to draw on the letter of credit.  The Bank refused to honor
the presentment, stating that there was a problem with the signature, and also
delivered to Man a copy of the TRO at that time.  The letter of credit expired
four days later, never having been paid.

            Man sued the Bank
in New York state court, alleging it was damaged by the Bank’s wrongful refusal
to pay on the letter of credit.  The Bank thereafter filed a declaratory judgment
cross-claim against Man in the Texas suit Midcontinent brought against Man,
seeking a declaration that it did not breach any obligation to Man by refusing
to honor Man’s presentments of the letter of credit.  Man consented to personal
jurisdiction as to Midcontinent’s breach of contract claim but specially
appeared as to Midcontinent’s fraud claim and the Bank’s cross-claim.  The
trial court found, on several different grounds, that it had personal
jurisdiction against Man as to all claims in the suit.  In this interlocutory
appeal, Man challenges only the trial court’s ruling that it had personal
jurisdiction as to the Bank’s cross-claim and concedes for purposes of this
appeal that the trial court had personal jurisdiction as to Midcontinent’s
fraud claim.

Analysis

            Rule 120a of the
Texas Rules of Civil Procedure provides that “[a] special appearance may be
made as to an entire proceeding or as to any severable claim involved
therein.”  Tex. R. Civ. P.
120a(1).  A claim is severable if (1) the controversy involves more than one
cause of action, (2) the severed claim would be the proper subject of a lawsuit
if asserted independently, and (3) the claim to be severed is not so interwoven
with the remaining action that they involve the same facts and issues.  F.F.P.
Operating Partners, L.P. v. Duenez, 237 S.W.3d 680, 693 (Tex. 2007).  We
review a trial court’s decision as to whether a claim is severable under rule
120a for an abuse of discretion.  See Pet JA, S.A. v. Shell Compañia Argentina de Petroleo,
No. 01-02-00661-CV, 2003 WL 854163, at *4 (Tex. App.—Houston [1st Dist.] Mar.
6, 2003, pet. denied) (mem. op.) (applying abuse of discretion analysis to
severability determination under rule 120a(1)); see also Guar. Fed. Sav.
Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990) (reviewing
for abuse of discretion trial court’s determination regarding whether claim to
be severed is interwoven); In re Ben E. Keith Co., 198 S.W.3d 844, 853 (Tex.
App.—Fort Worth 2006, orig. proceeding [mands. denied]) (same).[1]

            The issue in this
appeal focuses on the third element—whether the Bank’s cross-claim is
interwoven with the remaining claims.  The trial court found that the claims in
the case, including the Bank’s cross-claim, were not severable because they required
an investigation of the same facts and issues.  The record supports the trial
court’s finding.

Midcontinent’s petition against Man alleges, among
other things, that Man committed fraud in presenting the letter of credit to
the Bank because its certification that Midcontinent had breached its payment
obligations under the letter of credit was false.  In the Bank’s cross-claim,
the Bank alleged that it knew of the TRO, which stated explicitly that it was
based on fraud, before Man’s second presentation and gave Man a copy of the TRO
in the course of refusing to pay on the letter of credit the second time.  Furthermore,
the Bank requested that the trial court adjudicate Midcontinent’s fraud
allegations before determining its rights and obligations under the letter of
credit.

Whether Man’s actions were fraudulent is relevant to
both Midcontinent’s claim and the Bank’s cross-claim, and both will involve the
same issues, facts, and evidence.  See F.F.P., 237 S.W.3d 693–94
(finding trial court abused its discretion in severing contribution cross-claim
because claims involved same facts and issues to be litigated); Liberty
Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629–30 (Tex. 1996) (finding no
abuse of discretion in refusing to sever breach of contract bad faith claims
because litigation of both claims would involve much of the same evidence); Oryx
Energy Co. v. Union Nat’l Bank of Tex., 895 S.W.2d 409, 416 (Tex. App.—San
Antonio 1995, writ denied) (finding trial court did not abuse its discretion in
refusing to sever claim for breach of promissory note from tort claims, noting
that “[t]he default on the note triggered this litigation” and “[t]he facts
concerning all of the claims alleged by the Bank concerns identical facts
surrounding one loan transaction and the security for the loan”).  Thus, we
determine the trial court did not abuse its discretion in determining that the Bank’s
cross-claim was interwoven based on the issue of fraud and therefore not
severable.[2]

            Man argues that
the Bank’s cross-claim is not interwoven with Midcontinent’s fraud claim
because the Bank never explicitly stated that it was refusing Man’s presentments
because of fraud, rather than technicalities, and therefore fraud is irrelevant
to the cross-claim.  We reject this argument.  As explained above, based on the
Bank’s pleadings, the Bank’s cross-claim is interwoven with Midcontinent’s
fraud allegation against Man.

Man is essentially requesting that we determine as a
matter of law the Bank’s motives in denying its presentments and then use that
determination as a basis to grant its special appearance.  However, determining
the merits of a claim in a special appearance proceeding is improper.  See
Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 582 (Tex. 2007); Nogle
& Black Aviation, Inc. v. Faveretto, 290 S.W.3d 277, 284 (Tex.
App.—Houston [14th Dist.] 2009, no pet.).  Similarly, Man tries to extricate
fraud from the analysis by arguing that Midcontinent’s fraud claim is moot and
that the alleged fraudulent conduct is not sufficiently egregious to meet the
requirements for a fraud claim in the letter of credit context.  Again, these
arguments go to the merits of Midcontinent’s fraud claim and are therefore
inappropriate in the special appearance context.  See Moki Mac,
221 S.W.3d at 582; Nogle & Black, 290 S.W.3d at 284.

            Because the
Bank’s cross-claim is not severable, Man’s appearance as to the other claims in
the litigation constitutes a general appearance, and the trial court did not
err in determining it had personal jurisdiction over Man as to the Bank’s
cross-claim.  See Shapolsky v. Brewton, 56 S.W.3d 120, 140 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied) (“Any appearance before judgment,
which is not in compliance with Rule 120a, constitutes a general appearance.”).

Conclusion

            We
conclude the trial court did not err in denying Man’s special appearance based
on its conclusion that the Bank’s cross-claim is not severable.  Because we
have determined that the trial court had personal jurisdiction on this basis,
we need not review Man’s remaining allegations regarding other potential bases
for jurisdiction.  We affirm the trial court’s order.

                                                                                    

                                                                        

/s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Brown,
and Boyce.

 









[1]
Man contends that we should review the severability determination de novo and
only review for abuse of discretion the trial court’s consideration of
equitable factors in deciding whether a severable claim actually should be
severed.  See F.F.P., 237 S.W.3d at 693 (“We have explained that
avoiding prejudice, doing justice, and increasing convenience are the
controlling reasons to allow a severance.”).  Man cites no authority in which a
court has held that any part of a trial court’s severability determination
should be reviewed under any standard other than abuse of discretion.  Indeed,
all authority suggests that every aspect of a severability determination is
reviewed for an abuse of discretion.  See, e.g., Guar. Fed., 793
S.W.2d at 658; In re Ben E. Keith, 198 S.W.3d at 853.





[2]
Even if we were to apply the de novo review standard Man advocates, we would
conclude, as did the trial court, that the Bank’s cross-claim is not severable
because it is intertwined with the other claims.