**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed October 4, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00835-CV

### IN RE ENERGY RESOURCES TECHNOLOGY GOM, INC., AND HELIX ENERGY SOLUTIONS GROUP, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from County Court No. 3**
**Galveston County, Texas**
**Trial Court Cause No. CV-66114**

### MEMORANDUM OPINION

On September 11, 2012, relators, Energy Resources Technology GOM, Inc., and Helix Energy Solutions Group, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Christopher Dupuy, presiding judge of County Court No. 3 of Galveston County to vacate his order of severance signed June 28, 2012. We conditionally grant the writ.

Brandon Noland was fatally injured when a crane collapsed while he was working on a platform in the High Island production block in the Gulf of Mexico. A wrongful death case was brought by his parents[1] ("plaintiffs") alleging that relators, the platform owner and operator, were negligent, grossly negligent and negligent per se. Relators subsequently sought leave to designate the company responsible for the maintenance and safety inspection of the crane, Cargotec USA, Inc. a/k/a Cargotec USA, Inc. Marine Americas ("Cargotec") as a responsible third party. The motion was granted. Plaintiffs then filed a motion to sever the third party claims. Following an oral hearing, the trial court granted the motion to sever.

Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no other adequate remedy by law. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005). In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004). This determination depends heavily on the circumstances presented and is better guided by general principles than by simple rules. *Id.* at 137.

"A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if

---

[1] Neshia Noland, Brandon's mother, brought suit in her individual capacity and as personal representative of the estate of Brandon Michael Noland. Johnnie Lee Johnson, Brandon's father, intervened.

independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank v. Horseshoe Op. Co.,* 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons to allow a severance are avoiding prejudice, doing justice, and increasing convenience. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

Plaintiffs allege, among other things, relators failed to properly inspect and/or maintain its equipment and failed to warn of allegedly improperly inspected, poorly maintained and/or otherwise unrepaired conditions of the platform and/or its appurtenances. According to relators, Cargotec was retained to provide "maintenance and repair services, which include maintenance programs, annual condition and safety inspections pertaining to the crane at issue and its component parts, such as the boom hoist wire rope." Thus, relators claim, Cargotec is responsible for all or part of the plainitffs' damages and they are entitled to contribution based on Cargotec's negligence. Whether the collapse of the crane was due to Cargotec's negligence is relevant to the plaintiffs' claim against relators and will involve the same issues, facts, and evidence. We find the third-party claim is interwoven with the remaining action so that they involve the same facts and issues. *See F.F.P. Operating Partners,* 237 S.W.3d at 693-94. *See also Man Industries (India) Ltd. v. Bank of Tokyo-Mitsubishi UFJ, Ltd.,* 309 S.W.3d 589 (Tex. App. -- Houston [14th Dist., 2010, orig. proceeding). Accordingly, the severance of relators' contribution claims against Cargotec was an abuse of discretion. *See F.F.P. Operating Partners,* 237 S.W.3d at 693-94.

Improper severance is reversible error. *See F.F.P. Operating Partners,* 237 S.W.3d at 694. Allowing an improper severance order to stand would therefore be a waste of public and judicial resources. Appeal "is no remedy at all for the irreversible waste of judicial and public resources." *See In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999). It is a proper use of mandamus review to "spare private parties and the

3

public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential,* 148 S.W.3d at 136. Thus, the benefits of mandamus outweigh the detriments. *See id.; see also In re McKillip-Odom*, 2007 WL 2045282, *3-4 (Tex. App. -- Tyler 2007, orig. proceeding) (mem. op), and *In re State*, 355 S.W.3d 611, 617-18 (Tex. 2011). We therefore conclude that in this case the benefits of mandamus outweigh the detriments and find relators do not have an adequate remedy by appeal.

Having found the trial court abused its discretion by granting the motion to sever and that relators do not have an adequate remedy at law, we conditionally grant mandamus relief. We trust the trial court will promptly vacate its order of June 28, 2012, granting the motion to sever and enter an order denying the motion. The writ will issue only if the trial court fails to act in accordance with this opinion. This court's stay of September 11, 2012 is lifted.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.

4