

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00030-CV

---

IN THE ESTATE OF WILLIAM F.
TRIMBLE, DECEASED

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
TRIAL COURT NO. CIV-13-0523

----------

## MEMORANDUM OPINION[1]

----------

Following the death of William F. Trimble, Appellant Anthony Trimble sought to probate a will that William executed on January 20, 1992. On September 10, 2013, the probate court signed an order admitting that will to probate and issuing letters testamentary to Appellant. On April 4, 2014, Appellee Christopher Dell Trimble filed an application to set aside the probate court's order

---

[1]*See* Tex. R. App. P. 47.4.

admitting the January 20, 1992 will to probate and to revoke the letters testamentary that had been issued to Appellant, alleging that Appellant had acted fraudulently in applying to admit that will to probate. On September 29, 2016, the probate court signed an order (1) finding that the January 20, 1992 will had been revoked and (2) revoking the letters testamentary that it previously issued to Appellant (Revocation Order). After the trial court signed the Revocation Order, the record shows that Appellee filed a second amended answer to application for probate and counterclaims against Appellant, in which Appellee asserted breach of fiduciary duty, fraud, and tortious interference with inheritance claims against Appellant.[2] On November 1, 2016, the probate court signed an order bifurcating Appellee's claim for revocation from all other claims pending in the suit (Bifurcation Order).

Appellant attempts to appeal from the probate court's Revocation Order and Bifurcation Order. On February 1, 2017, we notified Appellant of our concern that we lacked jurisdiction over this appeal because it did not appear that the Revocation Order and the Bifurcation Order were final judgments or appealable interlocutory orders. We informed Appellant that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by February 13, 2017, we would dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a

_____

[2]Our record does not contain an original or first amended answer to application for probate and counterclaims against Appellant.

2

response stating that although he does not believe that the Bifurcation Order is a severance that would make the Revocation Order final and appealable, he nevertheless filed this appeal in an abundance of caution in the event that it was.

A separate trial and a severance are two different procedures. *See In re Ben E. Keith Co.*, 198 S.W.3d 844, 850 (Tex. App.—Fort Worth 2006, orig. proceeding). A severance divides a lawsuit into two or more separate and independent causes, and a judgment that disposes of all parties and issues in one of the severed causes is a final and appealable order. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970); *e.g.*, *Ben E. Keith Co.*, 198 S.W.3d at 850 (citing *Hall*, 450 S.W.2d at 837–38). An order for a separate trial, by contrast, leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing, and an order entered at the conclusion of a separate trial is often interlocutory because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided. *Hall*, 450 S.W.2d at 838; *e.g.*, *Ben E. Keith Co.*, 198 S.W.3d at 850 (citing *Hall*, 450 S.W.2d at 837–38).

Generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). A judgment or order is final if it disposes of every pending claim and party. *Id.* at 205. Neither the Bifurcation Order itself nor anything else in the record before this court shows that the probate court severed Appellee's revocation claim from his other claims and assigned the revocation

3

claim a different cause number than Appellee's other claims. *See Hall*, 450 S.W.2d at 838 & n.2 (stating that nothing in the record could be construed as ordering a severance and distinguishing cases involving orders that expressly severed claims and/or assigned new cause numbers to the severed claims). Thus, the Revocation Order is not a final judgment. *Id.* And Appellant has not cited any statute that authorizes an interlocutory appeal from the Revocation Order and the Bifurcation Order. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GABRIEL, SUDDERTH, and KERR, JJ.

SUDDERTH, J., concurs without opinion.

DELIVERED: April 6, 2017

4