**Order filed March 7, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00046-CV
_____

## BURGERS & FRIES, INC. AND RICK DAFFRON, Appellants

## V.

## FIRST DATA GLOBAL LEASING ET AL., Appellees

**On Appeal from the County Court at Law**
**Taylor County, Texas**
**Trial Court Cause No. 23411**

### O R D E R

Appellants filed a notice of appeal from an order in which the trial court dismissed Appellants' claims against First Data Global Leasing, First Data Merchant Services LLC, and First Data Corporation (collectively, First Data). In the suit below, it appears from the documents on file in this court that Appellants also sued CP-TOPS, LLC (who has been nonsuited), David Scott, and Lease Finance Group, LLC. The documents on file in this court do not reflect that Appellants' claims

against Scott and Lease Finance have been disposed of or severed, and the county clerk's office has informed this court that Appellant's motion to sever has not been granted. Instead, the trial court issued an "Order for Separate Trials" in which it stated that a separate trial shall be held on Appellants' claims against Scott, CP-TOPS, and Lease Finance and that such trial be postponed until "after final order of the 11th Court of Appeals or the Texas Supreme Court against First Data." Thus, the order from which Appellants attempt to appeal does not appear to be a final, appealable order. *See In re Ben E. Keith Co., Inc.*, 198 S.W.3d 844, 850 (Tex. App.—Fort Worth 2006, orig. proceeding) (explaining that a separate trial and a severance, however, are two different procedures). As noted by the Texas Supreme Court in *Hall v. City of Austin*:

> A severance divides the lawsuit into two or more separate and independent causes. When this has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable. An order for a separate trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing. The order entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided.

450 S.W.2d 836, 837–38 (Tex. 1970).

By letter dated February 7, 2019, this court informed Appellants that it did not appear that a final, appealable order had been entered in the cause below, and we requested that Appellants respond and show grounds to continue this appeal. Appellants have not filed a response.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We determine whether a judgment is a final, appealable judgment based on the language in the

judgment and the record of the case. *Lehmann*, 39 S.W.3d at 195. A judgment is final and appealable if it disposes of all parties and all claims in the case. *Id.* The order from which Appellants attempt to appeal does not dispose of their claims against the non-First Data defendants, nor has this court been provided with any other orders that dispose of the claims against those defendants. Therefore, the order dismissing the claims against First Data is not a final, appealable order. *See id.* at 205–06.

Consequently, we abate the appeal pursuant to TEX. R. APP. P. 27.2 to permit the trial court to enter a final order or judgment. If a final, appealable order or judgment has not been entered by May 6, 2019, this court may dismiss this appeal. *See* TEX. R. APP. P. 42.3. If a final judgment is entered by that date, the parties are ordered to notify this court immediately.

The appeal is abated.

PER CURIAM

March 7, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.